Jeppe Jorgensen v. Fred R. Kingsley et al.

Filed March 21, 1900. No. 9,197.

1. **Account Stated:** Definition. An account stated is merely an agreement between persons who have had previous transactions, fixing the amount due as the result of an accounting.

2. **Illegal Contracts:** Not Enforceable. Courts will not enforce contracts which are shown to be illegal.

3. **Defense of Usury:** Account Stated: Plea of Fraud. In an action on an account stated, the defense of usury is available without alleging that the balance claimed to be due, was agreed to in consequence of fraud or mistake.

Error to the district court for Kearney county. Tried below before Beall, J. *Reversed.*

*Stewart & Munger* and *L. W. Hague,* for plaintiff in error:

An agreement to pay an illegal rate of interest for past forbearance is without consideration, and can not be enforced. No contract, no matter how binding its terms may be, will bind the promisor to pay usury. *Richards v. Kountze,* 4 Nebr., 200.

*Ed L. Adams, contra:*

To constitute a plea of usury, there must be a statement of the contract claimed to be usurious, with whom it was made, its terms and character, and the amount of interest agreed upon to be reserved, taken or received. *Bell v. Stowe,* 44 Nebr., 210. To illustrate the absurdity of the position taken by plaintiff in error in reference to the question, whether the contract is usurious, suppose that A had executed and delivered to B, for value, his promissory note at a legal rate of interest. The note had run for several years without being

paid. They get together and compute the balance due, and by mistake, or any other oversight, a new note is taken, and there is included in the note a sum in excess of the actual amount due; could we say the new note was tainted with the vice of usury? Not if we observe the rule, that there must be a contract and agreement for the one to take and the other to receive a compensation for the forbearance, greater than is permitted by law.

*J. L. McPheeley* also appeared of record for defendants.

SULLIVAN, J.

This action was brought by Kingsley Brothers, a banking firm doing business at Minden, to recover of Jeppe Jorgensen, one of their customers, a balance claimed to be due them upon an account stated. The answer alleged that the defendant had been for several years a borrower of money at the plaintiffs' bank under an arrangement whereby he was to pay interest at the rate of 10 per cent per annum on all overdrafts, and that such interest should be charged monthly to his account. It was further alleged that the account stated covered the transactions of the parties from February 2, 1890, to March 16, 1896, and that there was included in the balance agreed upon the sum of $365.20, which represented usurious interest on advances, computed sometimes at the rate of 30 per cent per annum. An itemized statement showing the amount of each overdraft, its duration and the amount of interest charged thereon at the end of each month is attached to and made, by averment, a part of the answer. At the trial of the cause, the court held that the answer did not state facts sufficient to constitute a defense; refused to permit Jorgensen to introduce his evidence, and directed the jury to return a verdict against him. It is now contended that these rulings were erroneous, and that the judgment rendered in favor of the plaintiffs should be reversed. The argument advanced in behalf of Kingsley Brothers is that no error was committed

by the trial court, because (1) the original agreement between the parties was not illegal, and (2) because an account stated is invulnerable unless assailed for fraud or mistake.

In regard to the first proposition, it is sufficient to remark that, inasmuch as no recovery was sought on the original contract, it can not be a material factor in the case. The vital and determinative question—and the only question with which we need concern ourselves—is whether the contract in suit is a valid and enforceable contract. An account stated is merely an agreement between persons who have had previous transactions fixing the amount due as the result of an accounting. *Claire v. Claire*, 10 Nebr., 54; 1 Am. & Eng. Ency. Law [2d ed.], 437; 1 Ency. Pl. & Pr., 87.

The defendant in the present case does not assert that he agreed to the balance claimed in consequence of any fraud or misapprehension, but insists that there is included in such balance usurious interest which the plaintiffs should not be permitted to recover. It is, of course, elementary law that courts will not enforce illegal contracts; and yet that is precisely what was done in this case. It appears by the averments of the answer that the balance sued for includes extortionate interest charges, and the court held that such charges were recoverable. The holding is contrary to the statute which declares that, if illegal interest be directly or indirectly contracted for, taken or reserved, the plaintiff's recovery shall be limited to the principal of the loan. Compiled Statutes, 1899, ch. 44, sec. 5. The account stated was, in part, a contract for the payment of usury; it was proscribed by the statute and should not have been enforced. No form of usurious contract possesses inviolable sanctity. The law against usury is founded upon public policy; and the policy of the state is not to be frustrated by the devices of the usurer. If the allegations of the answer be true, the decision in favor of plaintiffs requires the defendant to pay interest on his overdrafts at an unlawful

rate. The judgment is therefore reversed, and the cause remanded.

REVERSED AND REMANDED.