CHAPIN MINING CO. *v.* UDDENBERG.

TAXATION—PART PAYMENT OF TAX.

> Under 1 Comp. Laws 1897, § 3876, providing that any one may pay the taxes or any one of the several taxes, or any part thereof, on any parcel of land, a taxpayer, believing a part only of a tax to be valid, may pay that portion, and have a receipt therefor, and contest the remainder, though it be part of a definite tax.

*Certiorari* to Dickinson; Stone, J. Submitted February 12, 1901. Decided April 25, 1901.

*Mandamus* by the Chapin Mining Company to compel Arthur Uddenberg, treasurer of the city of Iron Mountain, to receive a portion of a tax, and to give a receipt therefor. From an order granting the writ, respondent brings *certiorari*. Affirmed.

*R. C. Flannigan,* for relator.

*H. M. Pelham,* for respondent.

MOORE, J. This is an application for a writ of *certiorari* to review the action of the circuit judge in granting a writ of *mandamus* requiring the respondent to receive part of a tax and receipt therefor. There was assessed in the city of Iron Mountain, against the Chapin Mining Company, for general purposes, a tax of $38,226.68. The company was willing to concede that $30,955.50 of the tax was valid, and tendered that amount to the city treasurer. Upon his refusal to receive it and give a receipt therefor, this proceeding was commenced.

The question involved is, What construction shall be given to section 53 of the tax law, which is section 3876, 1 Comp. Laws 1897, and, so far as is material here, reads as follows:

"Any one may pay the taxes or any one of the several taxes, or any part thereof, on any parcel of land, and the treasurer shall note across the face of the receipt, in ink, any portion of the taxes remaining unpaid. He may pay any tax, whether levied on personal or real property, under protest to the treasurer, specifying at the time in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll, and in the receipt given."

It is the claim of the relator that if he deems a portion of any tax valid, and a portion invalid, he is entitled, under the statute, to pay the valid portion, and have a receipt given him therefor, while he may contest the part of the tax he claims to be invalid. The respondent admits he may pay part of the tax assessed, if it is all of a definite tax, or the taxes on a definite description of land, or for an expressed undivided interest in a definite description of land, but denies the relator's right to pay a portion only of a given tax, and cites the ruling of the auditor general's department (Auditor General's Compilation of State Tax Law [Ed. 1900], p. 67), and *Sayers* v. *O'Connor*, 124 Mich. 256 (82 N. W. 104), quoting from page 258 of the last-named authority, where it is said, "The tax collector is not obliged to take payment of a given tax in installments." It is urged that, if this may be done, it will make the tax collector a great deal of trouble, and will complicate his accounts.

The language of the statute is not ambiguous. It provides that "any one may pay the taxes or any one of the several taxes, or any part thereof," etc. This evidently contemplates that a taxpayer may do just what the relator desired to do in this case; that is, the taxpayer may pay the tax he concedes to be valid, and contest the tax he claims to be invalid. We think, when the opinion in *Sayers* v. *O'Connor* is read in connection with the facts of that case, there is nothing inconsistent with this interpretation of the statute. In that case a portion of the tax which had been paid had been returned to the taxpayer, and its return was satisfactory to him. The lien upon the

land for a portion of the tax was never discharged.    The amount of that lien would be determined by the court having jurisdiction when the decree was made to enforce the lien, and the court held whether the amount so fixed was excessive could not now be litigated; citing *Muirhead v. Sands*, 111 Mich. 487 (69 N. W. 826), and other cases. We were of the opinion then, and are now, that the taxpayer may not pay a portion of a given tax today, and another portion tomorrow, and still another portion next week, thus allowing him to pay his tax in installments; but we are also of the opinion, as we have already said, that he may pay a portion of the tax which he deems to be valid, and receive a receipt therefor, and contest the validity of that portion of the tax unpaid.    As was said in *Sayers* v. *O'Connor*, the lien would still remain on the land for the unpaid portion, and the tax collector could proceed to enforce the collection thereof, the same as though no portion of the tax had been paid.

Judgment affirmed.

The other Justices concurred.