STAR STEEL SUPPLY CO. v. STATE OF MICHIGAN.

1. APPEAL AND ERROR—ACTION—CONSOLIDATION.

Equity suit to restrain collection of additional sums under sales tax act, commenced at about same time of action to recover payments made under protest, would not be before Supreme Court where, notwithstanding order referred to in the calendar entries printed in the record, the two cases were not consolidated and the law action was separately heard (Act No. 167, Pub. Acts 1933).

2. TAXATION—SALES TAX—PAYMENT UNDER PROTEST.

Purpose of provision of general sales tax act requiring taxpayer to make payment of tax levied before he could litigate a decision of the State board of tax administration is to prevent interruption of the revenues of the State by delay caused by litigation (Act No. 167, § 22, Pub. Acts 1933).

3. SAME—GENERAL SALES TAX ACT—APPEAL TO CIRCUIT COURT.

That denial by State board of tax administration of taxpayer's claim for refund, implicit in the board's levy of additional taxes, was a decision of the board from which statute permits an appeal to the circuit court *held*, a reasonable interpretation of statute involved (Act No. 167, § 22, Pub. Acts 1933).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ABANDONMENT AT ORAL ARGUMENT.

Question as to right of taxpayer under general sales tax act to sue a sovereign State, abandoned at the oral argument, is not before the Supreme Court for decision (Act No. 167, § 22, Pub. Acts 1933).

5. STATUTES—DOUBTFUL LANGUAGE—TAX STATUTES.

Doubtful language in a taxing statute is not resolved against the taxpayer.

6. TAXATION—SALES TAX—CLAIM FOR REFUND—DEFICIENCY ASSESSMENT.

The right to litigate a claim for refund under the general sales tax act is distinct from the right to challenge a deficiency assessment for taxes for the same period (Act No. 167, § 22, Pub. Acts 1933).

7. SAME—ACTION TO RECOVER REFUND—ADDITIONAL DEFICIENCY ASSESSMENTS.

Permitting a taxpayer under the general sales tax act to sue to recover what he has paid does not preclude the State board of tax administration from levying additional deficiency assessments which it finds due in accordance with the statute (Act No. 167, § 22, Pub. Acts 1933).

8. SAME—ACTION TO RECOVER REFUND—ADDITIONAL DEFICIENCY ASSESSMENTS—ATTACHMENT.

Taxpayer under general sales tax act has a right to bring action for refund of tax paid under protest without having first paid additional deficiency assessment levied against him in view of State's remedy of attaching taxpayer's property for nonpayment of such additional assessment (Act No. 167, §§ 12, 22, Pub. Acts 1933).

9. COSTS—PUBLIC QUESTION—ACTION TO RECOVER SALES TAX REFUND.

No costs are allowed upon reversal of order dismissing action against State to recover refund of sales tax paid under protest, a public question being involved (Act No. 167, § 22, Pub. Acts 1933).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 20, 1939. (Docket No. 32, Calendar No. 40,549.) Decided September 6, 1939.

Action by Star Steel Supply Company, a Michigan corporation, against the State of Michigan and others for recovery of sales tax paid under protest. Cross-declaration by Board of Tax Administration against plaintiff for amount of deficiency assessments. From order entered dismissing both declaration and cross-declaration, plaintiff appeals. Reversed.

*Harry N. Grossman* (*Berry & Stevens* and *Ralph W. Barbier,* of counsel), for plaintiff.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd* and *Andrew De Maggio,* Assistants Attorney General, for defendants.

BUTZEL, C. J. Plaintiff, in addition to wholesale selling of furnaces, furnace parts, roofing and sheet metal supplies for resale to retail dealers, markets similar products to buildings and repairmen for installation in erecting or repairing buildings. Claiming complete immunity from the State sales tax (Act No. 167, Pub. Acts 1933 [Comp. Laws Supp. 1935, § 3663–1 *et seq.,* Stat. Ann. § 7.521 *et seq.*]), it paid, under protest, sums aggregating $10,793.73 on sales to builders and repairmen, and on November 20, 1935, filed a petition for refund with the State board of tax administration. Hearing thereon was had a month later but no determination was made. In February, 1936, the board examined plaintiff's books, but still withheld decision. In June, however, plaintiff was served with notice of intention to levy an additional tax which the board claimed to be due

for a period included within the former payment. Deficiency assessments, which in effect were a denial of plaintiff's claim for refund, were subsequently levied in the total amount of $11,497.52.

Plaintiff then filed a bill to restrain collection of the additional taxes assessed and also began action to recover the amounts which it had paid under protest. The equity suit is not before us, for notwithstanding an order referred to in the calendar entries printed in the record, the two cases were not consolidated and the law action was separately heard. In the law case defendants filed a cross-declaration and counterclaim to recover the extra assessments after their motion to dismiss had been denied. Later, however, the court dismissed the action on the ground that Act No. 167, § 22, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 3663-22, Stat. Ann. § 7.543), barred plaintiff from bringing action for refund of the moneys paid under protest until it had paid the entire amount of the taxes assessed for the particular period. This, by stipulation, is the sole question presented by plaintiff's appeal.

Section 22 of Act No. 167, Pub. Acts 1933, which is crucial to the inquiry, reads as follows:

"If the board after examining the return of any taxpayer determines that the taxpayer is indebted to the State by reason of deficiency of the remittance accompanying such return, the board shall give such taxpayer notice of the intention to levy such deficiency. Such taxpayer may, if he so desires and serves notice thereof upon the board within twenty days, demand a hearing on the question of the levy of such deficiency. Thereupon the board shall set a time and place for hearing and shall give the taxpayer reasonable notice thereof.

"The taxpayer shall be entitled to appear before the board and be represented by counsel and present

testimony and argument. After the hearing the board shall render its decision in writing and, by order, levy any deficiency found by it to be due and payable.

"If any taxpayer is aggrieved by any decision of the board, he shall be required to pay the amount of taxes, interest and/or penalties found due by the board and shall be permitted to bring an action in the circuit court in the county in which the business for the privilege of doing which the tax is levied is carried on, to recover the amount of the taxes alleged to have been unlawfully levied upon him. Such action shall be conducted in accordance with the statutes and rules of procedure concerning actions at law.

"In the event any taxpayer is found entitled to recover any sums paid pursuant to the orders of the board as hereinbefore provided, such sums shall be paid from the general fund of the State on order of the board and warrant of the auditor general.

"No injunction shall issue to stay proceedings for assessment or collection of any taxes levied under this act."

In brief, this section holds that a taxpayer who "is aggrieved by any decision of the board," can litigate that decision provided he has paid the taxes levied under it. Its purpose, manifestly, was to prevent interruption of the revenue of the State by delay caused by litigation.

Appellant contends that it has complied with section 22 since it is only challenging the validity of a tax which it has paid. It admits that it is precluded from questioning the validity of the deficiency until payment thereof is made. The board's denial of the claim for refund, which denial is implicit in the levy of additional taxes, was, appellant argues, a distinct "decision of the board" from which the statute permits appeal to the circuit court.

This is a reasonable interpretation. No question is presented as to the right of the taxpayer to sue a sovereign State, since this issue was abandoned at the oral argument. Faced with the problem of determining the effect to be given the words "any decision," we must incline toward appellant's contentions. Doubtful language, if present in a taxing statute, is not resolved against the taxpayer. *In re Dodge Brothers,* 241 Mich. 665, 669. Despite the possibility that many of the sales on which the original tax was paid may be involved in a determination of the deficiency assessment so that proof of the counterclaim would duplicate proof of the principally protested payment, for the purpose of determining plaintiff's standing in court, the right to litigate a claim for refund must be held distinct from the right to challenge a deficiency assessment for taxes for the same period.

Appellees suggest that a taxpayer is thus permitted to pay under protest a very small part of the tax he fairly and properly owes, and involve the State in litigation over it without paying the balance he owes in defiance of the plain policy of the act. That there is likely to be a difference in the opinion of government and taxpayer as to the proper tax assessment for a given period is recognized by the statute itself which provides means for its ultimate settlement in the courts. To allow the taxpayer to pay what he thinks correct and then to require additional payments if the board finds the amount inadequate does not permit instalment payments of taxes in the sense discussed in *Sayers* v. *O'Connor,* 124 Mich. 256; *Chapin Mining Co.* v. *Uddenberg,* 126 Mich. 375. Fear that payment of a small sum may purchase the right to litigate a much larger liability is more theoretical than real. Allowing the tax-

payer to sue to recover what he has paid does not, of course, preclude the board from levying additional deficiency assessments which it finds due under the provisions of section 22. If such assessments are not properly paid within 10 days after demand, the State is given adequate remedy to collect the tax by attaching the taxpayer's property. Act No. 167, § 12, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 3663-12, Stat. Ann. § 7.533). Plaintiff had the right to bring action for the amount of taxes which it paid under protest without paying the deficiency tax assessed against it, or to take the attendant risk of having its property attached to satisfy that additional assessment.

The order dismissing the action is reversed, but without costs as a public question is involved.

Wiest, Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.