CONSOLIDATED PAPER CO. *v.* DEPARTMENT OF REVENUE.
RIVER RAISIN PAPER CO. *v.* SAME.

1. Sales—Conditional Sale—Payment—Passage of Title.
   In a conditional sale, payment of the purchase price is a condition precedent for passage of legal title.

2. Same—Sale With Privilege of Return—Passage of Title.
   In a sale with the privilege of return, title passes on delivery but the vendee has the privilege of revesting it in the vendor by returning the goods (2 Comp. Laws 1929, § 9458).

3. Same—Sale With Privilege of Return—Payment—Conditional Sale.
   While in a sale with the privilege of return the vendee has the right to return the goods rather than pay for them, such an act would constitute a breach of a contract for conditional sale.

4. Same—Sale With Privilege of Return—Bailment.
   In a sale with the privilege of return, the decision whether to exercise the privilege rests with the vendee, not the vendor, while in bailment that decision rests entirely with the bailor, not the bailee, though the bailee may demand that the bailor take back his property.

5. Statutes—Construction of Statutes—Tax Laws.
   The scope of tax laws may not be extended by implication or a forced construction.

6. Taxation—Construction of Statutes.
   Tax exactions, property or excise, must rest upon legislative enactment, and collecting officers can act only within express authority conferred by law.

7. Same—Construction of Statutes.
   Tax laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer.

8. SAME—SALES TAX—BEER CASES—RESALE WITH PRIVILEGE OF
RETURN.

Manufacturer's sale of beer cases to breweries which charged
customers for such cases in addition to charge for contents
upon sale of latter and granted the privilege of return of
the case and made refund of charge made therefor constituted
a sale for resale, hence was exempt from the sales tax (Act
No. 167, § 1, subd. [b], Pub. Acts 1933, as amended by Act
No. 249, Pub. Acts 1941).

9. SAME—RESALES—SALE WITH PRIVILEGE OF RETURN—EXEMP-
TIONS.

Under the general sales tax act a sale for resale is exempt from
the tax even though the resale made is one with the privilege
of return (Act No. 167, § 1, subd. [b], Pub. Acts 1933, as
amended by Act No. 249, Pub. Acts 1941).

Appeal from Monroe; Golden (Clayton C.), J.
Submitted June 9, 1943. (Docket No. 25, Calendar
No. 42,180.) Decided September 7, 1943.

Separate actions by Consolidated Paper Company
and River Raisin Paper Company, Michigan corpo-
rations, against Louis M. Nims, individually and as
the sole representative of the Department of Reve-
nue, State of Michigan, to recover taxes paid under
protest. Cases consolidated for trial. Judgments
for plaintiffs. Defendant appeals. Affirmed.

*Golden, Griffin & Weipert,* for plaintiffs.

*Herbert J. Rushton,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, *T. Carl Holbrook*
and *Daniel J. O'Hara,* Assistants Attorney General,
for defendant.

BUSHNELL, J.   Plaintiffs, Consolidated Paper
Company and River Raisin Paper Company, both
manufacturers of paper cartons and other paper
products, filed separate actions against defendant

department of revenue of the State of Michigan to recover taxes paid by them under protest on their sales of paper cartons, commonly referred to as "beer cases," to certain brewing companies located within the State of Michigan. By stipulation, the two cases were consolidated for trial and come to this court upon the same record. The State has appealed from judgments entered in favor of each plaintiff.

The single issue presented is whether the sales of these "beer cases" or cartons were sales at retail or for resale within the terms of the general sales tax act. Subdivision (b) of section 1 of the sales tax act (Act No. 167, Pub. Acts 1933, as amended by Act No. 249, Pub. Acts 1941 [Comp. Laws Supp. 1942, § 3663–1, Stat. Ann. 1942 Cum. Supp. § 7.521]) reads in part as follows:

"(b) The term 'sale at retail' means any transaction by which is transferred for consideration the ownership of tangible personal property, when such transfer is made in the ordinary course of the transferor's business and is made to the transferee for consumption or use other than for consumption or use in industrial processing or agricultural producing, or for any other purpose than for resale in the form of tangible personal property."

The department of revenue on March 1, 1940, adopted a revision of its Rule 18, which now reads in part:

"Sales of containers which are used for the purpose of delivering tangible personal property to customers, which containers are to be returned to the seller, are taxable. This class includes milk and beer bottles, cases and barrels, gas tanks, containers for acids, cement bags, et cetera, the title to which remains with the seller and which are ordinarily re-

used by him in making other deliveries. Receipts from the sale of such containers to a buyer who uses them in making deliveries of the product which he produces or sells are taxable.

"If the seller makes a charge or takes a deposit from his customer for the container, with the understanding that such charge or deposit will be rebated when the container is returned, such amount will be considered as security for the use and return of the container and is not taxable."

Defendant insists that sales of "beer cases" by plaintiffs to various brewing companies are sales at retail, and not for resale. A number of plaintiffs' customers testified that, after purchasing "beer cases" from plaintiffs at about 24 cents each, a charge of 12 cents is made to the ultimate consumer of beer for these cases, and that such charge is fixed by a rule of the State liquor control commission.

The testimony is clear that, although the breweries refund this charge of 12 cents when "beer cases" are returned to them, they have never retained title or attempted to regain possession except by repurchase. The uniform practice is that, when beer is sold to the consumer, in addition to the price of $1.50 for the beer, another charge of 60 cents is made, which includes 12 cents for the "beer case" and 48 cents for the 24 bottles. When a "beer case" containing 24 empty bottles is returned, the brewing company pays 60 cents to the person returning it, regardless of whether that person was the original purchaser.

Either this transaction is a sale or a bailment. If it is a bailment, the "beer case" has not been resold. If it is a sale, the brewery must have purchased the "beer case" for resale. Defendant relies on the case of *Owens-Illinois Pacific Coast Co.* v. *State*

*Board of Equalization,* decided by the Superior Court of Sacramento county, California, May 24, 1942, which holds that a similar transaction under a statutory definition of retail sale, which excludes sale for resale, subjects the original seller of the carton to a sales tax. That court reasoned that the primary use of the carton was to market the commodity, and that the rule applicable to a sales tax on twine, wrapping paper, paper bags, or other containers should be applied. Appellees contend that their sale of "beer cases" was a sale of goods for resale, within the meaning of the act, and direct the court's attention to rulings of the United States board of tax appeals and decisions of Federal and other courts which sustain their theory.

This court said in *Thunder Bay Quarries Co.* v. *Pollard,* 301 Mich. 388, 397:

"There are marked distinctions between a sale with the privilege of return on one hand and a conditional sale or bailment on the other. In a conditional sale, payment of the purchase price is a condition precedent for passage of legal title; while in a sale with the privilege of return, title passes on the delivery; but the vendee has the privilege of revesting it in the vendor by returning the goods. The uniform sales act, Act No. 100, § 19, rule 3, subd. (1), Pub. Acts 1913 (2 Comp. Laws 1929, § 9458 [Stat. Ann. § 19.259]). In a sale with the privilege of return, the vendee has the right to return the goods rather than pay for them; in a conditional sale, such act would constitute a breach of contract. *  *  * In a sale with the privilege of return the decision whether to exercise the privilege rests with the vendee, not the vendor; in bailment that decision rests entirely with the bailor, not the bailee, though the bailee may demand that the bailor take back his property."

We also said in *Michigan Allied Dairy Ass'n* v. *State Board of Tax Administration*, 302 Mich. 643, 650:

"We have repeatedly held that the scope of the tax laws may not be extended by implication or a forced construction. We held in *Re Dodge Brothers,* 241 Mich. 665, 669, as follows:

" 'Tax exactions, property or excise, must rest upon legislative enactment, and collecting officers can only act within express authority conferred by law.   Tax collectors must be able to point to such express authority so that it may be read when it is questioned in court.   The scope of tax laws may not be extended by implication or forced construction.   Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer.'

"We have since adhered to this principle in *J. B. Simpson, Inc.,* v. *O'Hara,* 277 Mich. 55, 61, and *Star Steel Supply Co.* v. *State of Michigan,* 290 Mich. 378, 383, and adhere to it again in the case at bar."

The situation presented in the instant appeal is not unlike that presented in *McCarroll* v. *Scott Paper Box Co.,* 195 Ark. 1105 (115 S. W. [2d] 839), where the cost of the biscuit box was an element of the cost of the packaged article and not considered as a part of the seller's general overhead expense. It is even stronger in that the selling price of the "beer cases" and bottles is specifically set at 60 cents, and generally set out as a separate item in the invoices of the brewing companies, and not included as a part of the price of beer or as a part of the brewing company's overhead expense.   See, also, *Department of Treasury* v. *Fairmount Glass Works, Inc.,* 113 Ind. App. 684 (49 N. E. [2d] 1).

We are in accord with the view of the trial judge that the "beer cases" sold by plaintiffs to various breweries are exempt from the sales tax under that provision of the act, which excludes sales for resale.

The judgments are affirmed, with costs to appellees.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.