## MELCHER v. EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—REFEREES—RES JUDICATA—REAL. ESTATE SALESMAN.

    The unappealed decision of a referee as to transfer of experience records under the employment security act is conclusive only as to the matters then before him and is not *res judicata* as to whether or not successor employer was liable for contributions because of employment of real estate salesmen paid on a commission basis (CL 1948, §§ 421.15,. 421.22, 421.42).

2. SAME—CONTRIBUTIONS—PAYMENT UNDER PROTEST.

    Declaration in assumpsit action against employment security commission to recover contributions paid voluntarily failed to state a cause of action insofar as recovery was sought for improperly charged contributions paid while act required that payment be made under protest (PA 1936 [Ex Sess], No 1, § 15 [d], as amended by PA 1941, No 364, PA 1947, No. 360 and PA 1951, No 251).

3. SAME—CONTRIBUTIONS—PAYMENT UNDER PROTEST—AMENDMENT OF STATUTE.

    Voluntarily paid contributions under the employment security áct, which had been improperly charged before amendment of the act reimposing requirement that contributions be paid under protest in order to be recovered, were recoverable after amendment became effective, where amendment failed to indicate an intent to abolish rights of action for such contributions (CL 1948, § 421.15 [d], as amended by PA 1951, No 251).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to contributions to unemployment insurance, see 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 32.

[4] 50 Am Jur, Statutes § 475.

4. STATUTES—PROSPECTIVE OPERATION.
> Statutes are prospective in their operation, unless the opposite intent clearly appears from the context of the statute itself.

5. UNEMPLOYMENT COMPENSATION—CONTRIBUTIONS—ASSESSMENTS.
> "Charges" or "contributions" under the employment security act are not "assessments" as such latter term is used in the act, the latter being charges made after a determination by the employment security commission that an employer has not paid the contributions required by the act (CL 1948, §§ 421.13, 421.15).

6. SAME—ASSESSMENT—RECOVERY OF IMPROPERLY-PAID CONTRIBUTIONS.
> An employer need not wait for an assessment to be made under the employment security act before proceeding to recover contributions improperly paid (CL 1948, §§ 421.13, 421.15 [d]).

Appeal from Wayne; Ferguson (Frank B.), J. Submitted October 10, 1952. (Docket No. 52, Calendar No. 45,572.) Decided December 9, 1952.

Assumpsit by John J. Melcher and another, a copartnership doing business as Harold Blake Company, against Michigan Employment Security Commission to recover taxes and contribution. Motion to dismiss allowed in part and denied in part. Defendant appeals. Affirmed and remanded.

*Maurice A. Glasier* and *Phillip Nusholtz,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for defendant.

BUSHNELL, J. Plaintiffs John J. Melcher and Louisa R. Thorne, a copartnership doing business as Harold Blake Company, are real estate brokers in the city of Detroit. In the operation of their business

they employ salesmen to whom they pay commissions. This action, begun on December 3, 1951, was brought to recover from defendant Michigan employment security commission certain contributions paid during the years 1944 to 1951, totaling $5,242.98, together with interest thereon.

Plaintiffs claim that this sum was improperly charged and collected, because it was based on their payments of commissions to parties who were not their employees within the provisions of the Michigan unemployment compensation act. Plaintiffs assert their right to recover under section 15, subd (d) of the act (CL 1948, § 421.15 [Stat Ann 1949 Cum Supp § 17.515, subd (d)]).

The commission's motion to dismiss plaintiffs' action and declaration was denied in part and granted in part in an order entered May 12, 1952. The trial judge granted defendant's motion on that portion of plaintiff's claim which arose out of contributions charged from December 31, 1945 to June 30, 1947, subject, however, to the right to amend the declaration. The motion to dismiss was denied on that portion of plaintiffs' declaration for recovery of contributions paid between July 1, 1947 and December 31, 1950.

The commission was granted leave to appeal from the latter portion of the order of dismissal.

We are urged to hold that an employing unit may not sue to recover contributions unless they were assessed and paid under protest. The commission argues that this suit, which was commenced after the effective date of PA 1951, No 251, is governed by section 15 of the Michigan unemployment compensation act (PA 1936 [Ex Sess], No 1, as amended by the 1951 act); and further, that a referee's decision rendered in the matter of the petition of Harold Blake Company on September 12, 1945, is *res judicata* of the issues in the instant suit.

Plaintiffs claim that the act exempts contributions on commissions paid to real estate salesmen, and that the basis upon which the defendant required the contributions is under the so-called recapture clause of the act (section 42 [7], CL 1948, § 421.42 [7] [Stat Ann § 17.545 (7)]), which provides for contributions covering any services with respect to which the employer is liable for Federal employment taxes. Between 1943 and December, 1950 the treasury department of the Federal government held that commissions paid to real estate salesmen were taxable under the Federal act. It was during this period that the referee upheld the commission's determination that real estate salesmen who were paid on a commission basis were employees within the meaning of the Federal unemployment tax act.

The second issue before the referee was with respect to a transfer of experience records. Harold Blake, as an individual, paid contributions during the years 1936 to 1939. The commission, on April 5, 1939, ruled that real estate salesmen were not employees within the meaning of the act, and refunded the prior contributions to Blake. After Blake's death and the sale of his business to plaintiffs pursuant to a court order entered June 1, 1944, the present plaintiffs, as purchasers, were advised that the Blake Company was liable for contributions on commissions paid to its employees. The referee held that the purchasers (plaintiffs here) were entitled to a transfer of the experience records under section 22 of the act. Obviously this unappealed decision of the referee is only authority on the matters then before him, and is not *res judicata* of those presented here.

The section now in question (15, subd [d]), as amended by PA 1941, No 364, provided that improperly charged or assessed contributions might be recovered by an employer or employing unit who paid

the same under protest. This section was amended by PA 1947, No 360, the only change being in the deletion of the words "and who paid the same under protest."

The act was again amended in 1951 by Act No 251, and now provides in part that any employer or employing unit may recover in an action at law any improperly charged or assessed contributions provided for under the act, if the same was paid "under protest within 15 days after the mailing of the notice of determination of assessment."

As stated by the trial judge, we thus have 3 situations presented:

"Prior to July 1, 1947, it was necessary that the taxpayer pay the tax under protest, as required by PA 1941, No 364, § 15, subd (d). Between July 1, 1947, and June 17, 1951, it was not necessary for the taxpayer to pay the tax under protest, under PA 1947, No 360, § 15 subd (d). After June 17, 1951, it was necessary for the taxpayer to pay the tax under protest within 15 days after the mailing of the notice of determination of assessment by the commission, under PA 1951, No 251, § 15, subd (d)."

We are obliged to agree with his conclusion that plaintiffs have not stated a cause of action for contributions improperly charged or assessed and paid during the period beginning December 31, 1945, and ending June 30, 1947, because, as he said:

"The act at that time required that the contributions charged or assessed be paid under protest, and there are no allegations in the declaration that the contributions were paid under protest during that period."

However, as to the right to recover taxes paid during the period between July 1, 1947 and December of 1950, we have a different situation. The act of 1951 did not abolish the causes of action which existed

under the 1947 act. Plaintiffs' present action is based upon section 15, subd (d) of PA 1947, No 360, which permits recovery of improperly charged contributions even if they were not paid under protest. If the legislature had intended to abolish the right to recover contributions which were neither assessed nor paid under protest, there should be something in the act of 1951 to indicate that intent. Statutes are prospective in their operation, unless the opposite intent clearly appears from the context of the statute itself. *In re Dissolution of Ever Krisp Food Products Co.,* 307 Mich 182, 213. See, also, *Consolidated Paper Co.* v. *Department of Revenue,* 306 Mich 216.

Subsection (b) of section 15 of the act, pertaining to assessments, should not be read into subsection (d) covering reimbursements. *Unemployment Compensation Commission* v. *Vivian,* 318 Mich 598, 607. Subsection (b) is limited to assessments made by the commission when the employer fails to pay the tax. That is not the situation presented here. Plaintiffs' payments were voluntarily made. Subsection (d), in permitting recovery of contributions improperly charged, but not assessed, subsequent to July 1, 1947, did not require such contributions to be paid under protest. This section, as amended in 1951, did not contain language abolishing this right of recovery. Therefore, the holding of the trial judge was correct.

Furthermore, the charge or contribution is not an assessment in the sense that that word is used in the act. Assessments are those charges made after a determination by the commission, that an employer has not paid the contributions required by section 13. The assessment referred to in section 15 can only occur when the employer has failed to make such contribution payments.

The legislature did not require the taxpayer to

wait for an assessment before the right to recover could be asserted for contributions improperly paid.

The order of the circuit judge is affirmed and the cause is remanded for further proceedings. Costs to appellees.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.