GARY M. HANSEN, DOING BUSINESS AS HANSEN FLYING SERVICE, APPELLEE, v. ARTHUR J. ABBOTT, APPELLANT.

188 N. W. 2d 717

Filed July 16, 1971. No. 37911.

E. A. Anderson and Maupin, Dent, Kay, Satterfield, Girard & Scritsmier, for appellant.

Michael V. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action on an account stated. A check, on which payment was subsequently stopped, was given by defendant to plaintiff for the full amount of the account. Plaintiff's motion for a directed verdict was sustained and he recovered judgment. We affirm the judgment of the district court.

Defendant employed plaintiff to repair a severely damaged airplane. There was no preliminary agreement relative to the amount to be charged for making the repairs. The plane was repaired and the adequacy of the repairs is not questioned. An itemized statement of the charges for repairing the plane was forwarded to defendant. Thereafter defendant called at plaintiff's place of business and a copy of the statement was handed to him. Defendant looked the statement over and protested that the bill was "awful high." After some further discussion, defendant made out a check for the full amount of the statement and gave it to plaintiff. A receipt for the payment was then given to defendant. Subsequently defendant stopped payment on the check and this action was instituted.

Defendant has not pleaded, nor does the evidence indicate, that the check was given as the result of fraud, mistake, or duress. It is clear that defendant voluntarily delivered his check with a view to paying his account in full on the basis of the statement tendered, notwithstanding any reservations he may have had regarding its reasonableness. Under such circumstances, does the giving of the check create an account stated?

An account stated is an agreement, express or implied, between the parties, who have had previous transactions with each other, fixing and determining the amount due from one to the other. See, Jorgensen v. Kingsley, 60 Neb. 44, 82 N. W. 104; Bingaman v. Huntley, 139 Neb. 819, 299 N. W. 180.

In creating an account stated, the minds of the parties thereto must meet and understand that a final adjustment of the respective demands of each upon the other is being made. See Martin Milling Co. v. Evelyn, 179 Neb. 31, 136 N. W. 2d 177.

These rules must be applied as of the time of the final transaction between the parties and without reference to a later change of mind by one of them. Without a doubt, the parties, at the time of their discussion and of the exchange of the check and the receipt, were aware that they were then determining, fixing, and settling the amount due with a view to its final adjustment and determination. There was, on the basis of these undisputed facts, positive evidence of an account stated. In Behrens v. Kruse, 132 Minn. 69, 155 N. W. 1065, it is stated: "If the defendant had given a check for this whole account, then under well settled principles this would have operated as an account stated, that is, an agreement that the account was correct. * * *

"While the transaction in this case was not an account stated as to the whole account, it was an account stated as to the items for which checks were given."

Defendant contends that the giving of the check, although admissible as evidence of an account stated, is

not conclusive and will not sustain a directed verdict. Under the circumstances in this case, we must disagree. Defendant was fully aware of all the attendant circumstances and of what he was doing when he gave his check in full payment of the account. There was no mistake, fraud, or similar element involved. The evidence in this respect is clear and undisputed. Certainly, one who freely pays an account, even though he has expressed dissatisfaction with it, does so with the intent to assent to it and with awareness that it is a final determination of all matters involved therein.

In R. L. Polk & Co. v. Strickler (Ill. App.), 107 N. E. 2d 59, it was held: "Where dispute between buyer and seller as to amount to be charged for sale of mailing lists and services was settled by giving of note, the note constituted an account stated and dispute over amount to be charged was no defense to action on note."

In Hammond Lumber Co. v. Richardson Bldg. & Eng. Co., Inc., 209 Cal. 82, 285 P. 851, it is said: "The execution and acceptance of a promissory note for the balance of an unsettled account constitute the stating of an account between the parties."

In Caneer v. Kent, 342 Mo. 878, 119 S. W. 2d 214, it is held: "When parties having mutual matters of account between them growing out of a contract, deliberately account together and state a balance, and the party who, in such accounting is found indebted to the other, pays the debt or gives a written obligation for its payment this settlement is so far conclusive between the parties that it cannot be reopened either at law or at equity, except upon clear proof of fraud, or mistake, or of an express understanding that certain matters were left open for future adjustment." See, also, Wallace v. Crawford, 21 Cal. App. 2d 394, 69 P. 2d 455; Van Voorhis v. Pembroke, 267 N. Y. S. 907, 239 App. Div.143.

The judgment of the district court is affirmed.

AFFIRMED.