**MAGIC CARPET COMPANY, Appellant,**

**v.**

**E. L. PHARR, Appellee.**

**No. 18316.**

Court of Civil Appeals of Texas, Dallas.

April 18, 1974.

Norman P. Hines, Jr., Dallas, for appellant.

David L. Hollenbeck, Irving, for appellee.

GUITTARD, Justice.

In this action on an account stated, we hold that plaintiff has made out a prima facie case by introducing a receipt signed by defendant acknowledging delivery of materials, but without stating the price or quantity, together with a check signed by defendant on which payment was stopped.

Plaintiff's petition is in the form of a suit on a sworn account for carpet installed in defendant's house and also alleges the receipt and the check signed by defendant. Defendant's answer alleges under oath that the quality of the carpet installed by plaintiff was inferior to that contracted for and that the quantity delivered was in excess of that contracted for. On trial without a jury the trial court sustained defendant's "motion for instructed verdict" and rendered judgment for defendant. Plaintiff appeals and we reverse.

■ Since defendant has not favored us with a brief, we accept the statements in plaintiff's brief concerning the facts and the record. Texas Rules of Civil Procedure, rule 419. Plaintiff offered in evidence the "dealer's delivery receipt" dated October 28, 1972, signed by defendant, acknowledging to Magic Carpet Company that he had received in good condition merchandise described as "wall to wall cpt. in den, D.R. Kit, Hall & 2 Baths." Plaintiffs also offered in evidence the check of the same date in the amount of $1,070 payable to "Magic Carpets," signed by defendant and stamped "payment stopped." Both of these documents were proved by defendant's answers to requests for admissions. Ronnie Thomas, sole proprietor of Magic Carpet Company, testified that the check was given in payment for carpet purchased and that he attempted to cash it but the bank on which it was drawn stamped it "payment stopped" and that he had never received any other payment for the carpet. No evidence was offered by defendant.

The trial court's findings of fact recite that Thomas had no personal knowledge of the Pharr account, that defendant signed the "delivery receipt," and that payment was stopped on a check for $1,070 signed by defendant payable to Magic Carpet. The court's only conclusion of law is that defendant's motion for instructed verdict should be granted because plaintiff's evidence "was insufficient as a matter of law, there being no evidence of any contractual relationship between Plaintiff and Defendant, to support the recovery as plead by the Plaintiff."

On this appeal, plaintiff presents various points of error, of which we need consider only the third, which asserts that the trial court erred in sustaining defendant's "motion for instructed verdict" on the ground that plaintiff had failed to prove a prima facie case establishing a contractual relationship. This point is sustained.

■■ Although there is some question as to whether "account stated" is the proper term for establishing the amount due for goods or services furnished without previous agreement on the price, all authorities agree that proof of plaintiff's delivery of goods or rendition of services to defendant and defendant's acknowledgment of a certain sum as due to plaintiff is sufficient for a prima facie case, without other proof of price, value, quantity, or specific items. Dodson v. Watson, 110 Tex. 355, 220 S.W. 771 (1920); Alexander Marketing Co. v. Medford, 170 S.W.2d 809 (Tex. Civ.App.—Texarkana 1943, no writ); Central Nat'l Bank v. Cox, 96 S.W.2d 746 (Tex.Civ.App.—Austin 1936, writ dism'd); 6 Corbin on Contracts §§ 1305, 1310, 1312

(1962). The "delivery receipt" signed by defendant shows that plaintiff delivered materials to defendant. Defendant's check of the same date payable to plaintiff for $1,070 is amply sufficient as an acknowledgment of the amount due in view of decisions holding that an implied acknowledgment of the amount due is sufficient. Graham v. San Antonio Machine and Supply Corp., 418 S.W.2d 303, 312 (Tex.Civ. App.—San Antonio 1967, writ ref'd n. r. e.); Wilson v. Clarke Floor Machine Co., 380 S.W.2d 768 (Tex.Civ.App.—Eastland 1964, no writ); Davis v. Gilmore, 244 S. W.2d 671 (Tex.Civ.App.—San Antonio 1951, writ ref'd); Peurifoy v. Hood Rubber Products Co., 59 S.W.2d 428 (Tex. Civ.App.—Eastland 1933, no writ). A check on which payment was later stopped was specifically held to be an acknowledgment sufficient to establish a stated account by the Supreme Court of Nebraska in Hansen v. Abbott, 187 Neb. 248, 188 N. W.2d 717 (1971). Consequently, a prima facie case was shown, and the trial court erred in rendering judgment for defendant on the ground of lack of evidence of a contractual relationship.

Plaintiff further argues that we should render judgment in his favor for the amount acknowledged to be due, together with an attorney's fee in a stipulated amount, because defendant failed to plead or prove fraud, mistake or duress as a defense to the suit on the account stated. Plaintiff's theory is that in absence of such pleading no proof by defendant would have been admissible and the court would have had no alternative but to render judgment for plaintiff.

 We are unwilling to render judgment on this incomplete development of the facts. Defendant pleaded under oath that the carpet installed was inferior in quality to that contracted for and that the quantity was greater than that contracted for. If defendant discovered the defect in quality and the error in quantity before he signed the check for $1,070, but delivered the

check anyway, that action might constitute a compromise of a disputed claim and he might be barred under the authorities above cited. On the other hand, if he discovered these variances later he might not be so barred and he might be entitled to offer that proof in rebuttal of plaintiff's prima facie case. Dodson v. Watson, *supra;* 6 Corbin on Contracts § 1310. Although the pleading in its present form may be subject to exception, we conclude that the defect does not justify rendition of judgment at this stage.

Reversed and remanded.