755 N.W.2d 802 (2008)
276 Neb. 578
SCHUYLER COOPERATIVE ASSOCIATION, Appellee,
v.
Charles M. SAHS, Appellant.
No. S-07-454.
Supreme Court of Nebraska.
September 19, 2008.
*803 Clark J. Grant, of Grant & Grant, for appellant.
Thomas E. Jeffers and Mathew T. Watson, of Crosby Guenzel, L.L.P., for Lincoln, for appellee.
WRIGHT, CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
Schuyler Cooperative Association (Schuyler) filed suit in the district court for Colfax County against Charles M. Sahs to enforce a promissory note Sahs had executed in favor of Schuyler. Sahs presented certain defenses which the district court rejected. The district court concluded that the promissory note was enforceable. The court denied Sahs' motion for summary judgment and sustained Schuyler's motion for summary judgment, entering judgment in Schuyler's favor on the promissory note. Sahs appeals. We affirm.

STATEMENT OF FACTS
This action involves enforcement of a promissory note executed February 25, 2004, in which Sahs agreed to pay Schuyler $70,000 on or before March 1, 2004. The terms of the note represented the *804 amount Schuyler agreed to accept and Sahs agreed to pay to resolve a dispute with respect to an unsettled account. The account had been in dispute and the subject of a lawsuit since 2002.
The record shows that on November 12, 2002, Schuyler filed a lawsuit in the district court for Colfax County against Sahs and others, seeking to collect an outstanding debt on an open account. To resolve the matter, Sahs and Schuyler executed several documents, including the promissory note at issue, a stipulation and confession of judgment, a settlement agreement, and a stipulation to dismiss the lawsuit. The promissory note, dated February 25, 2004, states unconditionally that Sahs will pay Schuyler $70,000 on or before March 1, and in the confession of judgment Sahs confesses judgment, in favor of Schuyler in the amount of $70,000.
The written settlement agreement, dated February 27, 2004, recited that Sahs and Schuyler agree that the amount due on the open account is $80,000, and this recital is incorporated into the agreement. Referring to the promissory note, the agreement provides that Sahs represents that the note is valid, legally enforceable, and waives all defenses to Schuyler's right to collect except for the defense of payment. However, the settlement agreement further provides that Schuyler would forgo collection on the $70,000 promissory note in the event that Sahs paid a compromised sum of $53,072.81 as follows: $19,000 at the time of the execution of the agreement; $1,000 each month thereafter, for 34 months; and a payment of $72.81 in the 35th and final month. These monthly payments were due the 1st of the month and delinquent after the 15th of the month. In the event Sahs failed to timely make these monthly payments, the agreement states that Schuyler had the immediate right to bring an action on the preexisting promissory note for the full $70,000 amount of the note, with credit given for any payments Sahs had made under the settlement agreement.
Sahs made certain payments to Schuyler, in accordance with the schedule of the settlement agreement. However, Sahs failed to make his May 2006 payment when due on May 1, and the payment became delinquent after May 15.
On May 26, 2006, Schuyler filed suit in the district court for Colfax County against Sahs, seeking to enforce the promissory note. This suit gives rise to the instant appeal. In this suit, Schuyler alleged that Sahs had paid $45,000 to date and that therefore, $25,000 was owed on the promissory note. Sahs filed an answer in which he admitted the underlying facts, including execution of the promissory note, but claimed that the amount sought by Schuyler was an unreasonable penalty in violation of public policy, and therefore, unenforceable.
On July 10, 2006, Sahs filed a motion for summary judgment seeking dismissal of the suit. Sahs claimed that the promissory note constituted an unenforceable penalty provision. The court overruled Sahs' motion for lack of an adequate record.
On February 22, 2007, Schuyler filed a motion for summary judgment, which came on for an evidentiary hearing on March 14. In an order filed April 24, the district court sustained Schuyler's motion. The district court entered judgment in Schuyler's favor and against Sahs in the amount of $70,000, with credit for payments already made by Sahs to Schuyler, plus interest as set forth in the promissory note and costs, Sahs appeals.

ASSIGNMENTS OF ERROR
Sahs claims the district court erred (1) in overruling his motion for summary *805 judgment and (2) in sustaining Schuyler's motion for summary judgment.

STANDARDS OF REVIEW
Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. See County of Hitchcock v. Barger, 275 Neb. 872, 750 N.W.2d 357 (2008). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all favorable inferences deducible from the evidence. See id.

ANALYSIS
The issue presented in this appeal is whether the promissory note is enforceable. Sahs claims, in effect, that the promissory note serves as the damage provision for breach of the settlement agreement and that such provision is not enforceable, because the $70,000 amount in the promissory note is an unreasonable penalty when compared to the $53,072.81 obligation contained in the settlement agreement. The district court rejected a similar argument and found the promissory note to be enforceable, denied Sahs' motion for summary judgment, and granted Schuyler's motion for summary judgment. Sahs contends that the district court erred when it made these rulings. As discussed below, because the promissory note constituted the stating of a previously unsettled account and is not a damage provision, we conclude that the promissory note is a separate and enforceable agreement. Accordingly, we affirm.
The promissory note at issue is an unconditional promise to pay a fixed amount at a definite time and, as such, is an enforceable negotiable instrument. See, Neb. U.C.C. § 3-104 (Cum. Supp. 2006) (defining negotiable instruments); Neb. U.C.C. § 3-106 (Reissue 2001) (defining unconditional promise). Although the promissory note was executed in the same timeframe as the settlement agreement, it contains no express conditions of payment and it does not state that it is subject to the settlement agreement or another writing. See § 3-106. The promissory note, therefore, is not conditional, and contrary to Sahs' argument, its viability is not conditioned on the contents of the subsequently executed settlement agreement.
Absent a defense, a promissory note is ordinarily a stand-alone, unqualified, enforceable promise to pay. See, Citicorp Intern. Trading v. Western Oil & Refining, 790 F.Supp. 428, 434 (S.D.N.Y. 1992) (concluding that note is standalone document and that "[p]roof of a note and a failure to make payment thereon establishes a prima facie case for recovery on that note"); Neb. U.C.C. § 3-308 (Reissue 2001) (stating that if validity of signatures on instrument is admitted, plaintiff producing document is entitled to payment unless defendant proves defense); Barelmann v. Fox, 239 Neb. 771, 478 N.W.2d 548 (1992) (holding that when there is no proof that notes in question were paid off or otherwise discharged, notes established indebtedness). Notwithstanding the foregoing, Sahs nevertheless claims that the settlement agreement serves to modify or supplement the contents of the promissory note. We understand this argument to be a claim asserted under Neb. U.C.C. § 3-117 (Reissue 2001), which provides generally that to the extent the obligation under an instrument is modified, supplemented, or nullified by another agreement, such *806 other agreement may serve as a defense to the obligation.
To the extent Sahs is relying on the settlement agreement to modify his obligation under the promissory note, his argument is unavailing as a defense. Even taking the inferences in favor of Sahs, rather than minimizing his $70,000 obligation under the promissory note, the settlement agreement states and the parties agreed that Sahs owed Schuyler $80,000. The settlement agreement as a whole states that Sahs owes Schuyler $80,000, that the parties have agreed that Schuyler will accept $70,000 as reflected in the promissory note as full settlement, but that Schuyler will forgo collecting on the promissory note and accept $53,072.81 if Sahs pays the $53,072.81 in a timely manner. The terms of the settlement agreement do not impact or nullify Sahs' $70,000 obligation under the preexisting promissory note except to the extent that Schuyler agreed to forbear collecting on the promissory note if Sahs paid timely. The undisputed evidence shows that Sahs failed to pay timely under the settlement agreement. Therefore, Schuyler was relieved of its agreement to forbear collection of the $70,000 promissory note and is entitled to bring this action to collect on the note.
Much discussion was had at the trial level and in the appellate briefs as to whether the $70,000 amount may have been either a penalty provision or a liquidated damage provision purportedly occasioned by Sahs' breach of the settlement agreement. The $70,000 amount is not a damage provision for breach of the settlement agreement, and therefore, a discussion of the distinction between liquidated damages and penalty provisions is unnecessary to our analysis. As we have recently observed, "`[t]he whole subject of penalty versus liquidated damages only arises when the parties to a contract have attempted to provide for a remedial right upon breach of a contract.'" Berens & Tate v. Iron Mt. Info. Mgmt., 275 Neb. 425, 431-32, 747 N.W.2d 383, 388 (2008) (quoting B.F. Saul Real Estate Inv. Trust v. McGovern, 683 S.W.2d 531 (Tex.App. 1984)). The promissory note at issue here is not a remedial right, but, rather, a separate preexisting obligation to which the parties agreed.
As the undisputed facts show, the $70,000 amount is neither a penalty nor a liquidated damages provision, because the $70,000 amount was not to be paid because of a breach of the settlement agreement, but, rather, because it constituted the stating of an account which was previously in dispute. We have cited favorably to cases stating that the execution and acceptance of a promissory note for the balance of an unsettled account constitute the stating of an account between the parties. See Hansen v. Abbott, 187 Neb. 248, 188 N.W.2d 717 (1971). Such written obligation for the payment of a disputed account is conclusive between the parties and cannot be reopened either at law or at equity, except upon clear proof of fraud, or mistake, or of an express understanding that certain matters were left open for future adjustment. Id. See, similarly, Barelmann v. Fox, 239 Neb. 771, 478 N.W.2d 548 (1992).
In the instant case, even taking the inferences in favor of Sahs, as we must do on appellate review of a summary judgment, see County of Hitchcock v. Barger, 275 Neb. 872, 750 N.W.2d 357 (2008), it is clear from the evidence that the promissory note represented an agreement between Sahs and Schuyler to settle Sahs' $80,000 indebtedness for $70,000. As such, the $70,000 promissory note represented an agreement between the parties that $70,000 would be accepted by Schuyler as full payment and settlement of the account and the $70,000 was not a damage provision *807 in the settlement agreement. The promissory note was an unconditional promise by Sahs to pay Schuyler and was enforceable, as the district court determined.
Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Thrower v. Anson, 276 Neb. 102, 752 N.W.2d 555 (2008). Schuyler presented uncontroverted evidence that Sahs failed to make his May 2006 payment under the settlement agreement when due on May 1 and that such payment had not been made by May 15. Schuyler was no longer obligated to forbear collection of the promissory note. Schuyler properly filed this action to demand payment of the full amount due under the promissory note, with credit for payments previously received. As the district court correctly concluded, Schuyler was entitled to judgment.

CONCLUSION
The district court correctly determined that the promissory note was enforceable. The district court did not err in denying Sahs' motion for summary judgment and in sustaining Schuyler's motion and entering judgment in favor of Schuyler on the promissory note. We affirm.
AFFIRMED.
HEAVICAN, C.J., and GERRARD, J., not participating.