**Victor ALEXANDER, d/b/a Alexander Jewelry Co., Plaintiff in Error,**

v.

**TEXOMA WHOLESALE JEWELERS, Defendant in Error.**

No. 6154.

Court of Civil Appeals of Texas. Beaumont.

Nov. 21, 1957.

Rehearing Denied Dec. 11, 1957.

George T. Thomas, Big Spring, for appellant.

Witts, Geary, Hamilton & Brice, Dallas, for appellee.

ANDERSON, Justice.

For convenience, the plaintiff in error, Victor Alexander, d/b/a Alexander Jewelry Co., will be referred to as appellant, and the defendant in error, Texoma Wholesale Jewelers, will be referred to as appellee. The parties will also be referred to in accordance with their respective designations in the trial court; i. e., Texoma Wholesale Jewelers will be referred to as plaintiff, and Alexander will be referred to as defendant.

Plaintiff sued for $1,601.82 alleged to be due it by defendant for goods, wares and merchandise it alleged it had sold and delivered to defendant. It also sued for attorney fees in the amount of $1,000, basing this phase of the suit on Article 2226, Vernon's Annotated Civil Statutes. Defendant, though duly served with process, neither answered nor appeared; and on February 12, 1957, judgment was rendered against him and in favor of plaintiff for the sum of $2,601.82, the same to bear interest from the date of the judgment at the rate of six per cent per annum. Writ of error was sued out by the defendant to the Court of Civil Appeals at Dallas, and the case has since been transferred to this court by the Supreme Court.

By his first point of error appellant challenges the sufficiency of appellee's pleadings to support the judgment. The petition, in form a petition on open account, failed to name any item of property that had been sold and delivered by plaintiff to defendant or the date of any sale. It referred for this information to an exhibit which was attached to it and made a part of it by reference and which was represented as being a verified and itemized account, but the exhibit was not filled in as it should have been; it contained only the following information: "Balance due to date * * * $1,601.82."

The petition was undoubtedly defective in failing to specify the items of goods, wares or merchandise sold and delivered and the dates of the sales but we think it was not fatally defective. It charged in general terms that plaintiff was suing for $1,601.82 as the balance due on goods, wares and merchandise sold and delivered by plaintiff to defendant, and we think this was sufficient to support the judgment. Point one is accordingly overruled.

 By his second point appellant avers that the verified exhibit, which was supposed to have been a verified and itemized account but which was not itemized, was and is insufficient to support the default judgment. And in this connection he contends that the judgment shows on its face to have been rendered on the exhibit. The judgment, in pertinent part, is as follows: " * * * the court proceeded to call said case, and it appearing that the defendant, Victor Alexander, d/b/a Alexander Jewelry, is in default, the court proceeded to examine and hear the evidence, and it appearing to the court that the defendant is indebted to the Plaintiff in the principal amount of $1,601.82, as evidenced by Plaintiff's verified account, and that the plaintiff is entitled to recover his costs and attorney's fees, and the court being of the opinion that $1,000.00 is a reasonable fee in this case, it is, accordingly, ordered, adjudged and decreed that Plaintiff have judgment against the defendant * * * for $2,601.-82 * * *."

Since it failed to disclose any of the articles alleged to have been sold and delivered, the so-called verified account was not itself sufficient to support the judgment. Gause v. Roden, Tex.Civ.App., 66 S.W.2d 400; Nichols v. Murray, Tex.Civ.App., 284 S.W. 301; Wall & Carr v. J. M. Radford Grocery Co., Tex.Civ.App., 176 S.W. 785. However, no statement of facts has been brought forward and we think the judgment does not itself affirmatively disclose that it was based on the exhibit alone or that no other evidence was heard by the trial court. In these circumstances, we must presume that the trial judge had before him sufficient evidence to support his fact findings and the judgment. Oldham v. Medearis, 90 Tex. 506, 39 S.W. 919; Sweet v. Lowery, Tex.Civ.App., 63 S.W. 1022; Artex Refining Co. v. Pollard & Lawrence, Tex.Civ.App., 124 S.W.2d 946. Point two is therefore overruled. The same considerations require, also, that we overrule appellant's remaining points of error, points three and four. They complain that the attorney's fee that was allowed is excessive and unsupported by the evidence.

No reversible error having been presented, the judgment of the trial court is affirmed.