Ken L. WALLIS, Appellant,

v.

C. B. McGUFFEY, Appellee.

No. 16580.

Court of Civil Appeals of Texas.

Dallas.

June 25, 1965.

————◆————

Andress, Woodgate, Richards & Condos, Dallas, for appellant.

Emory L. White, Jr., Dallas, for appellee.

WILLIAMS, Justice.

Appellee's suit against appellant was upon a purported verified account pursuant to Rule 185, Texas Rules of Civil Procedure. Appellant excepted to the sufficiency of the itemized account because same did not comply with the rule. The trial court overruled the exception and rendered judgment for appellee. Appellant assails the judgment in three points of error in which he contends that the purported sworn account was insufficient in that (1) the verification to the account failed to state that it was due and (2) the itemization contained in the account, listing only dates and figures, was fatally defective. We agree with appellant and reverse the judgment.

■ One of the express provisions of Rule 185, T.R.C.P. is that the account must be supported by affidavit stating, *inter alia,* "that it is due." The affidavit of appellee in this case does not contain such language. The failure to so allege that the account is due renders the affidavit fatally defective. Griswold v. Carlson, 151 Tex. 246, 249 S.W. 2d 58.

■ Rule 185, T.R.C.P. provides that action may be instituted upon a claim "for goods, wares and merchandise * * *." The statement of "merchandise purchased" contained in appellee's affidavit relied upon to support the judgment in this case is as follows:

| "Quantity | Stock Number/Description | | Unit Price | Extension |
|---|---|---|---|---|
| 14 | S-1 Units | 265969–274832–264495–275069–274830–250793 | | 2,026.50 |
| 5 | L Units | 522948–541639–553500–545367–543522 | 99.50 | 497.50 |
| 1 | 400-W | 2000448 | 245.25 | 245.25 |
| 24 | Timers | | 3.50 | 84.00 |
| Total Price | | | | $2,853.25 |
| Payments, Credits | | | | 2,624.25 |
| Balance due | | | | $   229.00" |

It has been repeatedly held by our courts that general statements contained in affidavits such as "merchandise", followed by listing of invoice numbers, or giving the dates and figures without description of the various items, is insufficient to comply with Rule 185, T.R.C.P. For example, in Becker, Smith & Page v. William Cameron & Co., Civ.App., 22 S.W.2d 951, the account claimed was "1 bundle, pattern 5129, style DD, plain 16, price 36." The Waco Court of Civil Appeals held that such was a fatally defective description. See also Wall & Carr v. J. M. Radford Grocery Co., Civ. App., 176 S.W. 785; A. Harris & Co. v. Grinnell Willis & Co., Civ.App., 187 S.W. 753; Hickman v. Scudder-Gale Grocer Co., Civ.App., 62 S.W. 1081; Adelman v. Hamilton-Brown Shoe Co., Civ.App., 297 S.W. 863; Taylor v. Wright Sales Co., Civ.App., 357 S.W.2d 824. In the recent case of Anderson-Dunham, Inc. v. Lee Rubber & Tire Corp., Civ.App., 378 S.W.2d 99, we had occasion to discuss the question of sufficiency of identification of goods, wares and merchandise described in a chattel mortgage. We hold that the vague identification of the merchandise alleged by appellee in this case is insufficient to comply with Rule 185, T.R.C.P.

Appellee seeks to avoid the consequences of his failure to allege the essential requisites of Rule 185, T.R.C.P. by contending that appellant's special exception was too broad and general and therefore not legally sufficient to direct the court's attention to the matters complained about. We cannot agree. The special exception was sufficient to direct the court's attention to both the affidavit and the rule itself, which is all that is required. The court erred in failing to sustain such exception. Having based the judgment rendered herein on a defective itemized sworn account, the judgment must necessarily fall.

Reversed and remanded.