**TEXAN MAN'S SHOP, INC., et al.,**
**Appellants,**

**v.**

**NUNN–BUSH SHOE COMPANY, Appellee.**

No. 190.

Court of Civil Appeals of Texas.

Corpus Christi.

March 31, 1966.

Rankin, Kern & Martinez, by Stonewall Van Wie, III, McAllen, for appellants.

Kelley, Looney, McLean & Littleton, by D. F. Martinak, Edinburg, for appellee.

SHARPE, Justice.

Suit on sworn account instituted by appellee, plaintiff below, against appellants and others, defendants below.

In a non-jury trial the lower court rendered judgment in favor of appellee against appellants Texan Man's Shop and C. M. Hickman, jointly and severally, for the amount of $2,560.05, which included $500.00 for attorney's fees. Judgment was also rendered that appellee take nothing against two other defendants, but such action is

not involved in this appeal. The trial court made and filed original and amended findings of fact and conclusions of law.

Appellants urge thirteen points of error, which are replied to by appellee's six counterpoints. Appellants' points 1, 2, 3 and 4 assert, in substance, that the evidence was legally and factually insufficient to authorize a finding that the goods had been shipped or delivered to appellant Texan Man's Shop, Inc., and their points 6, 7, 8 and 9 urge the same contentions as to appellant C. M. Hickman; points 10 and 11 assert legal and factual insufficiency of the evidence to authorize a finding that the goods were ever sold to or bought by Hickman in his individual capacity; point 12 asserts that there is no evidence concerning reasonableness of attorney's fees awarded to appellee; point 13 asserts error of the trial court in overruling three special exceptions to appellee's petition based upon the sworn account; point 5, the remaining point not heretofore mentioned, asserts that the trial court erred in admitting into evidence the account and supporting invoices of appellee.

The trial court found, among other things, that "Goods, wares and merchandise as reflected in copies of invoices attached to Plaintiff's First Amended Original Petition as Exhibit 'C' were shipped to Texan Man's Shop, Inc." There was no express finding concerning delivery to C. M. Hickman. The trial court concluded that Texan Man's Shop, Inc., and C. M. Hickman were jointly and severally liable to appellee in the sum of $2,060.05 for goods, wares and merchandise sold to Texan Man's Shop, Inc., and for reasonable attorney's fees in the amount of $500.00, and that appellee failed to prove its cause of action based on an account of Texan Man's Shop, Inc., assigned to appellee by Newton Manufacturing Company.

A review of the Statement of Facts and the exhibits referred to by the trial court leads to the conclusion that the evidence is factually insufficient to support findings that the goods had been delivered to either Texan Man's Shop, Inc., or C. M. Hickman. Appellants' points 2 and 7 which assert factual insufficiency on the issue of delivery must be sustained.

■ Appellee's petition was based upon a sworn account for goods, wares and merchandise allegedly sold and delivered to appellants. The appellants filed a proper sworn denial which placed the burden upon appellee to establish each and every item of its account by legal and proper evidence. J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325 (1941).

■ The evidence presented by appellee consisted of the testimony of two witnesses and certain exhibits. The testimony of the witness Hugh Cole is not material to this appeal as it related only to the assigned account of Newton Manufacturing Company upon which recovery was denied by the trial court, and there is no appeal from that portion of the judgment. The witness Arthur C. Keller was credit manager of appellee. He identified the records of his company, particularly, its account with Texan Man's Shop, Inc., and certain invoices in connection therewith. Appellants did not offer any evidence and have consistently contended that appellee did not make out a case against them. Keller had a general knowledge of the account but could not testify concerning actual shipment or delivery of the merchandise. The invoices identified by Keller contained many entries of catalog or code numbers, with very few of them specifically identifying the goods, such as shoes, laces, etc., allegedly sold and delivered. Although Keller's testimony and the invoices identified by him constitute circumstantial evidence that some of the goods may have been shipped to Texan Man's Shop, the evidence is wholly insufficient to show shipment as to a number of the items relied on in the account for which recovery was allowed. In any event, the evidence is factually insufficient to show delivery to anyone. Delivery of the merchandise was an essential element of appellee's case, and factual insufficiency to es-

tablish the same precludes a recovery in favor of appellee on the present record. Parker v. Center Grocery Company, 387 S.W.2d 903 (Tex.Civ.App.1965, n. w. h.); Trice Contract Carpets & Furniture, Inc., v. Martin, 334 S.W.2d 554 (Tex.Civ.App., 1960, n. w. h.); Dodson v. Kemper Military School, 42 S.W.2d 288 (Tex.Civ.App., 1931, wr. dism.).

Since this case must be reversed and remanded for the reasons stated, discussion of appellants' remaining points is unnecessary. However, in view of another trial and the contentions made by appellants under their point 13 on this appeal, it is our view that the trial court was also in error in not sustaining three special exceptions urged by appellants to appellee's petition. We need not pass upon the question as to whether such error was harmless on the present record in view of the indicated disposition of this appeal. The allegations of appellee's petition were general and consisted in large part of conclusions. The account and invoices attached to the petition identified the goods, wares and merchandise allegedly sold, for the most part, by date, price and code number. The rule applicable to such a pleading has recently been reiterated in the case of Wallis v. Mc-Guffey, 392 S.W.2d 802 (Tex.Civ.App., 1965, n. w. h.) as follows:

"It has been repeatedly held by our courts that general statements contained in affidavits such as 'merchandise', followed by listing of invoice numbers, or giving the dates and figures without description of the various items, is insufficient to comply with Rule 185, T.R.C.P." (citing cases).

As against appellee's present pleading, appellants' special exceptions I, II and III are good and appellee should be required to amend in order to give appellants more specific information.

The judgment of the trial court is reversed and the case is remanded for new trial.