**J. W. HANCOCK, Appellant,**

v.

**O. K. RENTAL EQUIPMENT COMPANY,**
Appellee.

**No. 14770.**

Court of Civil Appeals of Texas.

San Antonio.

May 21, 1969.

William E. North, San Antonio, for appellant.

Guenther & Dylla, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal by writ of error from a default judgment in appellee's suit on a

sworn account. The question presented is whether the default judgment against J. W. Hancock, Ind., and d/b/a J. W. Hancock Drilling Co., is supported by the exhibit, made a part of plaintiff's original petition, which consists of seven invoices showing charges made by appellee, O. K. Rental Equipment Company, to "J. W. Hancock Drilling & Exploration Co."

Appellee's original petition was filed on May 14, 1968, against J. W. Hancock, Ind., and d/b/a J. W. Hancock Drilling Co., seeking to recover on an account for certain items as set forth in Exhibit "A", attached to and made a part of said petition, in the total amount of $1,474.82, together with accrued interest and attorney's fees. Attached to said petition as Exhibit "A" were the invoices hereinabove referred to, which state the items were sold to "J. W. HANCOCK DRILLING & EXPLORATION CO." On June 14, 1968, default judgment was entered in the trial court for the sum of $1,511.67, plus attorney's fees in the amount of $700.00. On October 4, 1968, an application for writ of error was filed and an appeal duly perfected to this Court by J. W. Hancock, without a statement of facts.

In order to support a default judgment, it is essential that the petition show a good cause of action upon which a default judgment can be entered. Edwards Feed Mill v. Johnson, 158 Tex. 313, 311 S.W.2d 232 (1958); Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58 (1952); Graham v. San Antonio Machine and Supply Corp., 418 S.W.2d 303 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); C. & H. Transportation Company v. Wright, 396 S.W.2d 443 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.). Rule 90, Texas Rules of Civil Procedure, providing for waiver of defects in pleading, does not apply to a default judgment by its express terms.

Griswold v. Carlson, supra, involved an appeal by writ of error from a default judgment rendered on a sworn account. The default judgment was reversed and the cause remanded because the affidavit attached to plaintiff's petition did not meet the requirements of Rule 185, T.R.C.P. The Court said: "The procedure regarding an affidavit to support a default judgment has always been most exacting, both under the statute which preceded Rule 185 and under Rule 185 itself, and the utmost care must be exercised to comply with the rule."

Here appellee asserted a cause of action on an open account against J. W. Hancock, Ind., and d/b/a J. W. Hancock Drilling Co., alleged to be shown by the attached Exhibit "A" which was expressly incorporated and made a part of said petition. However, the invoices which make up this exhibit show an obligation only against J. W. Hancock Drilling & Exploration Co. The status of the latter entity is not shown, and there is nothing in the record to show any connection between appellant, J. W. Hancock, and this entity. It has been said that in passing on the legal sufficiency of a pleading that refers to an attached exhibit, the effect of the pleading is limited by and to the terms of the exhibit. Paul v. Houston Oil Co. of Texas, 211 S.W.2d 345 (Tex.Civ.App.—Waco 1948, writ ref'd n. r. e.); Tex.Jur.2d, Pleading, § 16.

In the recent case of Copeland v. Hunt, 434 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.), although not involving a default judgment, the Court considered the effect of a sworn account showing an obligation by someone other than the defendant. It was there held that the rule which makes a verified account prima facie evidence unless a written denial under oath is filed, does not apply to or cover transactions between third parties or parties who were strangers to the transaction. See also: Robertson v. Rexall Drug & Chemical Company, 410 S.W.2d 200 (Tex.Civ.App.—Fort Worth 1966, no writ); Eng v. Wheeler, 302 S.W.2d 263 (Tex.Civ.App.—San Antonio 1957, writ dism'd w. o. j.).

Appellee relies upon Edwards Feed Mill v. Johnson, supra, wherein a default judgment was affirmed against William War-

ren Johnson on a promissory note, although the pleadings showed that the note was signed only by his son, Woodson W. Johnson. That case is clearly distinguishable from our situation in that the petition alleged a partnership obligation between said parties. Furthermore, William Warren Johnson brought the suit to set aside the default judgment over four years after same was rendered. Since this was a collateral attack upon said judgment, it was necessary to show that same was void. The Supreme Court quoted with approval the rule from Ritch v. Jarvis, 64 S.W.2d 831 (Tex.Civ.App.—Texarkana 1933, writ dism'd), as follows: "A judgment not based upon any pleadings is void. Hart v. Hunter, 52 Tex.Civ.App. 75, 114 S.W. 882. But there is difference between no pleadings, or a petition which from the facts alleged shows affirmatively that plaintiff has no cause of action upon the facts stated, and a petition which is merely lacking in allegations of fact sufficiently to fully state the cause of action. In the latter case it may be subject to a general demurrer and would be reversed upon appeal from an adverse ruling of the trial court. Yet the same petition may be sufficient to prevent a judgment by default from being void; for, if it states that nature of the cause of action determined by the judgment and is of a class over which the court has potential jurisdiction, it invokes the active jurisdiction of the court, and its sufficiency in regard to the fullness of facts is a matter for determination by the trial judge entering the judgment. An error committed by the trial court in its deliberation upon the sufficiency of the petition in this respect would not in legal effect be different from an error committed in rendering the judgment upon insufficient facts proven, and would not render the judgment void. Freeman on Judgments (5 Ed.) vol. 1, § 365, p. 765. However, if the pleadings do not invoke the jurisdiction of the court upon the subject-matter determined by the judgment, it is void. Sandoval v. Rosser (Tex.Civ.App.) 26 S.W.

930; Morgan v. Davis (Tex.Civ.App.) 292 S.W. 610."

■ This appeal by writ of error is a direct attack on the default judgment rendered herein. Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex.Sup.1965); Appellate Procedure in Texas § 5.1. The petition does not support the default judgment in that there is no connection shown between appellant and the sworn account expressly made a part of said petition as the basis for appellee's cause of action.

The judgment of the trial court is reversed and the cause remanded.