**U. S. INSULATION SALES CORPO-
RATION, Appellant,**

v.

**JONES–BLAIR COMPANY, d/b/a Texas
Resin Company, Appellee.**

No. 18042.

Court of Civil Appeals of Texas,
Dallas.

Feb. 22, 1973.

A. B. Conant, Jr., Shank, Irwin, Conant
& Williamson, Dallas, for appellant.

Benjamin Raye Collier, Stigall, Maxfield
& Collier, Dallas, for appellee.

BATEMAN, Justice.

The appellee Jones-Blair Company sued
the appellant U. S. Insulation Sales Corpo-
ration on sworn account. Appellant an-
swered and filed a counterclaim for dam-
ages. Appellant was not represented by
counsel or otherwise at the trial, and now
appeals from the judgment for appellee on
its account and decreeing that appellant
take nothing by its counterclaim and dis-
missing the same with prejudice.

In its first point of error on appeal ap-
pellant complains of the rendition of the
take nothing judgment on its counterclaim
in its absence. It does not deny that it had
notice of the trial date, and it does not
question the propriety of the court's pro-
ceeding to dispose of the case. It merely
challenges the power of the court to try its
counterclaim and adjudicate the same in
appellant's absence.

In Smock v. Fischel, 146 Tex. 397, 207
S.W.2d 891, 892 (1948), the Supreme

Court decided this identical question by saying, through Chief Justice Hickman:

"It is a well-established rule that when a plaintiff fails to appear and prosecute his case, the court can not try the plaintiff's cause of action, but the only remedy is to dismiss the same. * * * We see no reason why this same rule should not apply to a defendant's cross-action when the defendant fails to appear and prosecute the same. * * * Under these circumstances the court should not have rendered judgment against the defendant on his cross-action, but should have dismissed the same."

To the same effect are Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, 431 (1959), and the numerous cases cited therein.

■ Appellee contends that the action of the court on the counterclaim was proper, and that in any event appellant has no right to complain thereof, because the pleading showed on its face that the cause of action was barred by the two year statute of limitation, Tex.Rev.Civ.Stat.Ann. art. 5526.

■ The rule of Smock v. Fischel, supra, is not to be thus diluted. A judgment that a claimant take nothing because his cause of action is barred by limitation is an adjudication of the merits of the claim and of the validity of the defense, whether based on judicial admissions contained in the claimant's pleading or upon evidence adduced at a formal trial. The court simply lacks the power to make that adjudication in the claimant's absence, even though it may appear from the pleadings that only one judgment is possible. To hold otherwise would in our opinion be a dangerous departure from an established rule of law, a step which neither the law nor sound reasoning authorizes. This conclusion is inescapable, we think, when it is considered that any pleading may be abandoned, superseded or amended before trial, in either of which events it ceases to be a judicial pleading and is no longer binding on the pleader in the sense that he is precluded from disproving facts alleged therein. Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729 (1941).*

Appellant's first point of error is sustained. This makes it unnecessary for us to pass upon appellant's points two, three and four, based upon the absence or paucity of evidence to support the take nothing judgment on its counterclaim.

■ By its points of error five through nine appellant complains of the money judgment against it as not being supported by competent evidence. We need not determine the question, raised by appellee in its brief, as to the sufficiency *vel non* of appellant's pleading to comply with Texas Rules of Civil Procedure 185, for we hold that appellee's petition is not sufficient to constitute a suit on sworn account pursuant to that rule. That being true, appellant was not required to make the sworn denials specified in Rules 185 and 93(k). It purports to be a suit on sworn account but the copies of invoices making up the account do not show what, if anything, was allegedly sold. In each invoice the property or merchandise sold is described only as a numbered "batch" such as "Batch: 4K260 Drums: 3," and "Batch: 4L20 Drums: 9." An account must "show with reasonable certainty the nature of each item, the date, and the charge therefor." An account which is insufficient on its face to constitute a verified open account under Rule 185 will not support a judgment by default against a direct attack. Williamsburg Nursing Home, Inc. v. Paramedics, Inc., 460 S.W.2d 168, 170 (Tex.Civ.App., Houston 1st Dist.1970, no writ).

---

* Such abandoned, superseded or amended pleading is, of course, nevertheless "a statement seriously made, and it can be introduced in evidence as an admission," as also held in Kirk v. Head.

Not only was the so-called sworn account inadequate to prove appellee's case, but an examination of the statement of facts discloses that there was no evidence at the trial showing what merchandise appellee claimed to have sold to appellant, or that any such merchandise was delivered to or received by appellant, or that the prices charged therefor were either agreed upon or reasonable and customary. The want of these essential elements of appellee's proof necessitates reversal. Parker v. Center Grocery Company, 387 S.W.2d 903 (Tex. Civ.App., Tyler 1965, no writ).

Therefore, we sustain appellant's points of error five through nine.

Reversed and remanded.