**J. A. BENTHALL, Plaintiff in Error,**

v.

**Vernon GOODWIN, Defendant in Error.**

No. 6313.

Court of Civil Appeals of Texas, El Paso.

Aug. 1, 1973.

Joe K. McGill, Seminole, for plaintiff in error.

Haley & Smith, Stephen L. Haley, Seminole, for defendant in error.

## OPINION

WARD, Justice.

This is an appeal by writ of error from a default judgment rendered upon a sworn account in favor of Vernon Goodwin for the principal sum of $3,512.81 and attorney's fees in the amount of $1,170.94. The judgment is attacked on the principal ground that the pleadings and the verified exhibit attached are insufficient to support the default judgment. We agree and the case is reversed and remanded.

The record consists only of the transcript which reflects that appeal has been duly perfected and which further contains a certificate of the trial judge that at the time the judgment was rendered, the evidence consisted of the exhibit attached to Plaintiff's Original Petition and no other testimony or evidence was heard or offered. This statement is asserted in the brief of the Plaintiff in Error and conceded by the Defendant in Error on oral argument. This is accepted by us and is apparent from the record. Biscamp v. Zeno Carpet Company, 473 S.W.2d 218 (Tex. Civ.App.—Beaumont 1971, no writ).

The petition alleges an indebtedness in the amount of $3,512.81 as shown by the account attached thereto, marked "EXHIBIT A," and made a part of the petition and concerning the price of "certain goods, wares, merchandise and services, and for the leasing and purchasing of cotton to be transferred, in said account mentioned." The pleadings are properly verified and attached to them is "EXHIBIT A" consisting of three sales tickets each headed Midway Gin Ltd. with the name J. A. Benthall in their heading. The first ticket is numbered 1653, dated 3–9 1967*1*, and contains the following items:

| "QUAN. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 310 | acre allotment x 375 | | 1,163.62 |
| | | x | 6 |
| | ¾ of 8ᶜ | | 6,981.72 |
| | Gov chk should be 116362 | | |
| | 15 | | |
| | ¼ / 17454.30 | = | 4,363.57 |
| | ¾ = 13,090.73 | | |
| | I have borrowed 6412.50 | | |
| | Should only be 4363.57 | | |
| | I owe you 2048.92 | | 6,981.72 |
| | | | 2,048.92 |
| | You owe me | | 4,932.80 |
| | Less escrow | | 1,200.00 |
| | | TOTAL | 3,732.80" |

No other explanation is on this ticket. The next consecutive ticket is numbered 1654, dated Oct. 7, 1967*1*, and is barely readable and a guess must be made as to its meaning. It does contain a statement as to a "Cotton Gov Check" and under the heading "AMOUNT" the sum $6412.50. The next item is unreadable but on the final line are the words "You owe me" and with the amount unreadable. Written below the last description are the words "Plus interest."

The final ticket is numbered 1709, dated March 1, 1967*2*, and contains the following:

| "QUAN. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | Stripper Basket | | 750.00 |
| | Difference in Gov ck and | | 2,048.90 |
| | Cotton Allotment. | | |
| | Tanden Plowin 600 Acre | 150 | 900.00 |
| | Dragging & Levelling 400 a | 100 | 400.00 |
| | Interest @ 87 on Lease | | 163.91 |
| | Cotton | | |
| | | | 4,262.81 |
| | Paid | | 750.00 |
| | | TOTAL | 3,512.81" |

This appeal by writ of error is a direct attack on the default judgment ren-

**512**

dered herein. Gunn v. Cavanaugh, 391 S. W.2d 723 (Tex.Sup.1965). The remedy brings to the appellate Court the whole case for the revision of errors properly assigned, and it is not necessary that the Plaintiff in Error excuse his failure to defend the case in the trial Court or to show that he has a meritorious defense. Middlemas v. Wright, 493 S.W.2d 282 (Tex.Civ. App.—El Paso 1973, no writ); Appellate Procedure in Texas, Sec. 5.1 (1964).

■ If the account is insufficient on its face to constitute a verified open account or sworn account under Rule 185, Texas Rules of Civil Procedure, then it will not support a judgment by default against a direct attack. United States Insulation Sales Corporation v. Jones-Blair Company, 491 S.W.2d 226 (Tex.Civ.App.—Dallas 1973, no writ); Hancock v. O. K. Rental Equipment Company, 441 S.W.2d 955 (Tex.Civ. App.—San Antonio 1969, no writ).

■ There is no evidence explaining the accounting, and we can only guess at the meaning of the entire exhibit. The cases require that the account show with reasonable certainty the nature of each item, the date, and the charge therefor. Williamsburg Nursing Home, Inc. v. Paramedics, Inc., 460 S.W.2d 168 (Tex.Civ.App.— Houston (1st Dist.) 1970, no writ); Biscamp v. Zeno Carpet Company, supra. There is only the item of 1 stripper basket $750.00 which is clear. Beyond that we are lost. See Wallis v. McGuffey, 392 S. W.2d 802 (Tex.Civ.App.—Dallas 1965, no writ).

■ The balance of the account seems to arise out of some type of rental agreement or other special contract between the parties and does not fall within any of the recognized categories enumerated in Rule 185. Such is not in compliance with the Rule and does not support the default. Parmer v. Anderson, 456 S.W.2d 271 (Tex.Civ.App.—Dallas 1970, no writ).

The point on attorney's fees is not reached. The judgment of the trial Court is reversed and the cause is remanded.