**BIG K FURNITURE COMPANY, INC.,**
**Appellant,**

v.

**The COVEY COMPANY, Appellee.**

No. 12159.

Court of Civil Appeals of Texas,
Austin.

June 12, 1974.

Rehearing Denied July 10, 1974.

---

William R. Trout, Jr., Lynch, Nored, Martin, Millican & Trout, Lampasas, for appellant.

George Dulany, Dulany & Holle, Belton, for appellee.

PHILLIPS, Chief Justice.

The Covey Company, appellee, brought suit against Big K Furniture Company, Inc., appellant, on a sworn account. Upon failure of appellant to answer or appear, the court rendered a default judgment against appellant from which it has perfected its appeal through writ of error. We reverse the judgment of the trial court and remand the case for trial.

Appellant is before us on a single point of error, which we sustain, that the trial court erred in rendering judgment by default against appellant because the evidence before the court was not sufficient to support the judgment.

Rule 185, Texas Rules of Civil Procedure, provides that in suits on sworn accounts certain verified claims may be presented in affidavit form and are to be taken as *prima facie* evidence of the account. In the case before us, appellee's affidavit contained only certain invoice numbers, the dates of execution of the invoices, and the price for which the goods were billed. It is well established that this evidence standing alone is not sufficient to support a judgment against the debtor. Wallis v. McGuffey, 392 S.W.2d 802 (Tex.Civ.App.1965, no writ), Texan Man's Shop, Inc. v. Nunn-Bush Shoe Company, 401 S.W.2d 716 (Tex.Civ.App.1966, no writ).

Appellee maintains, however, that since there is no statement of facts before us, it must be presumed that the trial court had sufficient evidence before it to support its findings and judgment. Oldham v. Medearis, 90 Tex. 506, 39 S.W. 919 (1897), Frederickson v. Cochran, 449 S.W.2d 329 (Tex.Civ.App.1969, writ ref. n. r. e.).

Both appellant and appellee cite Alexander v. Texoma Wholesale Jewelers, 307 S.W.2d 631 (Tex.Civ.App.1957, writ ref. n. r. e.), as authority for their respective positions. For all practical purposes the facts in Alexander are identical to those at bar with one important difference. In affirming the default judgment the court quoted from the judgment before it: " . . . the court proceeded to examine and hear the evidence . . . " The court then stated that "the judgment does not itself affirmatively disclose that it was based on the exhibit alone or that no other evidence was heard by the trial court."

Such is not the case before us. The judgment here recites: " . . . the plaintiff's case *was soundly based on* an affidavit and statements for goods of reasonable market value sold and delivered to defendant, *all of which* was made part of plaintiff's petition herein and duly admitted in evidence and examined by this Honorable Court . . . " (Emphasis added) The difference between the cases is patent. Since the judgment before us affirmatively discloses that it was based on the deficient pleading alone, it is in error and must be reversed.

Reversed and remanded.