The **BOOKSTALL, INC.**, et al., Appellants,

v.

**JOHN ROBERTS, INC.**, Appellee.

No. 12186.

Court of Civil Appeals of Texas, Austin.

Dec. 4, 1974.

Joe R. Long, Joseph P. Webber, Long & Evatt, Austin, for appellants.

George E. Ramsey, III, Watkins, Ledbetter, Hayden & Ramsey, Austin, for appellee.

PHILLIPS, Chief Justice.

This appeal was perfected by writ of error from the county court at law of Travis County. Appellee's petition was in the nature of a suit on a sworn account alleging the sale of merchandise to the defendants (appellants) and acceptance by them, and alleging the joint and several liability of The Bookstall, Inc. and C. A. Austin and Shirley Austin on the debt created. An affidavit signed by appellee's credit manager, as well as the statement of account and supporting invoices were attached to the petition. No answer was filed by any of defendants-appellants within the time required by law; consequently, a default judgment was entered against them. We reverse the judgment of the trial court and remand this case for a new trial.

Appellants are before us on four points of error; however, inasmuch as we sustain their third point, we do not reach the remaining points.

Appellants' third point of error complains of the judgment rendered against them because the account sued upon by appellee is insufficient on its face to constitute a verified open account or sworn account under Rule 185, Texas Rules of Civil Procedure. Appellants contend that the account fails to disclose with reasonable certainty the nature of each item, the date, and the charge therefor. There are also discrepancies as to the identity of the parties billed for the merchandise and as to the amount of the debt upon which suit was brought.

There are numerous pages of invoices attached to appellee's petition as evidence of the merchandise sold to appellants. A number of these fail to indicate what goods or services appellee alleges were sold or provided. These invoices have date and price entries but wholly fail to show the nature of the items sold. The cases are uniform in holding that the account must show with reasonable certainty the nature of each item, the date, and the charge therefor. The identity of the merchandise sold is a prime requirement in a valid sworn account. An account insufficient on its face as a verified open account under Rule 185, Tex.R.Civ.P., will not support a judgment by default as against a direct attack by writ of error. Benthall v. Goodwin, 498 S.W.2d 510 (Tex.Civ.App. 1973, no writ); United States Insulation Sales Corp. v. Jones-Blair Co., 491 S.W.2d 226 (Tex.Civ.App.1973, no writ); Wil-

liamsburg Nursing Home, Inc. v. Paramedics, Inc., 460 S.W.2d 168 (Tex.Civ.App. 1970, no writ).

In the invoice column, where items sold are generally described, a letter code is inserted. The record is entirely devoid of any key that might be ascribed to the code. Without such an explanation, the statement of account fails to show with reasonable certainty what items were actually sold.

 We also find a number of the invoices billed to The Gift Stall, at an address different from that of the defendant-appellant, The Bookstall, Inc. In these instances no connection is shown in appellee's pleadings between any of the appellants and the sworn account sued upon and attached to appellee's petition which states that, "The corporate defendant is *Bookstall, Inc.*, whose registered agent C. A. Austin may be served with process at the registered office 314 N. L.B.J. Drive, San Marcos, Hays County, Texas." Such pleadings alone cannot support a judgment on sworn account. Hancock v. O.K. Rental Equipment Co., 441 S.W.2d 955 (Tex. Civ.App.1969, no writ). To compound the lack of reasonable certainty required of an account of this nature, appellee's petition pleads the amount due and owing as $2,290.90, whereas the sworn account "evidence" attached to the petition describes the amount due as being $2,690.90, and the invoices attached to appellee's petition total $2,628.30. These discrepancies in the petition become particularly cogent where a default judgment has been taken.

Appellee has filed a motion on appeal to strike appellants' point of error No. 4(c), under which appellants contend that appellee's pleadings failed to show any connection between the appellants and the account sued upon. Appellee alleges that appellants are judicially estopped to make such contention in this appeal because of conflicting admissions found in the record of a bill of review still pending in county court at law. We overrule this motion because matters alleged in the bill of review

are not reflected in the record of appeal before this Court.

The judgment of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.