**UNIT, INC. and B. W. Morris, Appellants,**

v.

**TEN EYCK–SHAW, INC., Appellee.**

**No. 18580.**

Court of Civil Appeals of Texas, Dallas.

May 8, 1975.

Rehearing Denied June 5, 1975.

**332**

Michael H. Sebastian, Dallas, for appellants.

Eddie Vassallo, McKool, Jones, Shoemaker & Vassallo, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Ten Eyck-Shaw, Inc. brought this action to recover $128,272.34 which it alleged was due from Unit, Inc. for labor, material, wares and merchandise provided by plaintiff, as general contractor, in the construction of an office building for Unit, Inc. Plaintiff's action was on a sworn account as authorized by Texas Rules of Civil Procedure, rule 185. Attached to plaintiff's petition were various exhibits which were alleged to set forth the goods, wares, merchandise, materials and labor which had been furnished defendant and on which a systematic record had been kept and arising out of business dealings between the parties. B. W. Morris, president of Unit, Inc.

was made an additional defendant based upon plaintiff's allegation that he was a guarantor of the indebtedness. Unit, Inc. filed a general denial and Morris entered a special appearance in which he raised a question concerning the jurisdiction of the court pursuant to Tex.R.Civ.P. 120. Plaintiff filed its motion for summary judgment against defendant Unit, Inc. Following a hearing, the trial court sustained plaintiff's motion for summary judgment, overruled Morris's challenge to the jurisdiction, and rendered default judgment against Morris. Both defendants appeal. We shall refer to the parties as they appeared in the trial court.

The primary question presented to us by this appeal is whether the account sued upon by plaintiff is sufficiently stated to constitute prima facie evidence of a sworn account under Tex.R.Civ.P. 185. We have concluded that the answer should be in the negative and, therefore, reverse the trial court's judgment.

From an examination of the exhibits made a part of plaintiff's cause of action, it is apparent that the goods and labor which form the basis of the accounts sued upon were to be supplied by the plaintiff pursuant to a contract signed by the parties on August 7, 1967. Although the agreement stated that the construction costs would not be allowed to exceed $1,334,000, additional materials and labor were provided which caused the total cost of the construction project to reach the sum of $1,746,125.51. The account attached to plaintiff's petition, which is relied upon as a basis for the judgment against both defendants, consists of the owner-contractor agreement signed on August 7, 1967, various correspondence between the defendants and plaintiff and letters written by subcontractors and an accounting firm addressed to the plaintiff. The sum of $1,334,000, as agreed upon by the parties in their original agreement, was intended to be a maximum covering thirteen broad categories of construction expenses set out in article 6 of the agreement.

A typical category provides, "materials, supplies, equipment and transportation required for the proper execution of the work, which shall include all temporary structures and maintenance, including sales and other taxes related thereto . . . ." In a letter written by the plaintiff to defendant Unit, Inc. on January 13, 1969, it was stated that this maximum contract price would be increased to provide for the following expenses: (1) Sam P. Wallace Company's subcontract, $58,000 for plumbing, high pressure duct and mixing boxes; (2) Electricial Construction Corporation's subcontract, $47,618 for lighting fixtures, lamps, panels, transformers and bus ducts.

In a letter to defendant Unit, Inc. dated August 16, 1971, plaintiff requested final payment of $128,272.34. This amount was said to be calculated from various figures found in an enclosed cost sheet. No cost sheet containing any detailed figures is included in the record.

■ In order to support a judgment on a sworn account under Tex.R.Civ.P. 185, whether the judgment be by default or a summary judgment, the account must show upon its face with reasonable certainty the nature of each item sold, the date of each sale and the reasonable charge therefor. Big K Furniture Co. v. Covey Co., 511 S.W.2d 329, 330 (Tex.Civ.App.–Austin 1974, no writ); Benthall v. Goodwin, 498 S.W.2d 510, 512 (Tex.Civ.App.–El Paso 1973, no writ); United States Insulation Sales Corp. v. Jones-Blair Co., 491 S.W.2d 226, 227 (Tex.Civ.App.–Dallas 1973, no writ); Williamsburg Nursing Home, Inc. v. Paramedics, Inc., 460 S.W.2d 168, 170 (Tex.Civ.App.–Houston [1st Dist.] 1970, no writ); Hancock v. O.K. Rental Equipment Co., 441 S.W.2d 955, 956 (Tex.Civ.App.–San Antonio 1969, no writ); Carruth v. Wix Corp., 409 S.W.2d 938, 941 (Tex.Civ.App.–Beaumont 1966, writ ref'd n. r. e.); Anderson v. Hake, 300 S.W.2d 663, 664 (Tex.Civ.App.–Dallas 1957, no writ); accord, Texan Man's Shop, Inc. v. Nunn-Bush Shoe Co., 401 S.W.2d 716, 718 (Tex.Civ.App.–Corpus Christi 1966, no writ); Boucher v. City Paint & Supply, Inc., 398 S.W.2d 352, 355 (Tex.Civ.App.–Tyler 1966, no writ); Brownson v. New, 259 S.W.2d 277, 280 (Tex.Civ.App.–San Antonio 1953, writ dism'd); Becker, Smith & Page, Inc. v. Cameron & Co., 22 S.W.2d 951, 952 (Tex.Civ.App.–Waco 1929, writ dism'd).

■ The purported account attached to the plaintiff's petition does not itemize in reasonable qualitative nor quantitative terms the labor or materials which constitute the total cost of construction of $1,746,125.51. Since no fixed contract price was agreed on, plaintiff was required to specify in its account the specific items of cost claimed before defendant was required by Rule 185 to file a sworn denial indicating which items are "not just and true."

■ A plaintiff is unable to establish a prima facie case warranting a summary judgment in the absence of a sworn denial if the account fails to conform to the requisites of Tex.R.Civ.P. 185. When a prima facie case has not been established then a general denial, such as the one filed by defendant Unit, Inc., puts in issue all material facts in regard to plaintiff's allegations of goods, wares and merchandise sold and delivered to the defendants. Anderson v. Hake, 300 S.W.2d 663, 664 (Tex.Civ.App.–Dallas 1957, no writ). Plaintiff, therefore, has failed to demonstrate by summary-judgment proof that as a matter of law there is no genuine issue of fact as to one or more of the essential elements to plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.1970).

■ An account which is insufficient on its face to constitute a sworn account cannot support a judgment by default against a direct attack. United States Insulation Sales Corp. v. Jones-Blair Co., 491 S.W.2d 226, 227 (Tex.Civ.App.–Dallas 1973, no writ); Williamsburg Nursing Home, Inc. v. Paramedics, Inc., 460 S.W.2d 168, 170 (Tex.Civ.App.–Houston [1st Dist.] 1970, no writ).

■ Plaintiff contends that the case of Magic Carpet Co. v. Pharr, 508 S.W.2d 696 (Tex.Civ.App.–Dallas 1974, no writ) is authority for proposition that to sue on sworn account, it is not necessary to show with specificity, the price, value and quantity of the goods or services provided. We cannot agree. In *Magic Carpet*, plaintiff's petition, although presented in the form of a sworn account, also alleged that defendant had acknowledged the justness of the account. The petition was, therefore, effective to establish a suit on an account stated. It is well established that when a suit is brought on an account stated, proof of plaintiff's delivery of goods or rendition of services to defendant, and defendant's acknowledgment of a certain sum as due to plaintiff is sufficient for a prima facie case, without other proof of price, quantity or specific items. *Id.* at 697. Here plaintiff's action was based strictly on a verified account; therefore, the rule set out in *Magic Carpet* is inapplicable.

■ Plaintiff advances the contention that if it is determined that it is not entitled to recover the claim as a sworn account then it was entitled to recover under the theory of a stated account. This contention is without merit because plaintiff's pleadings do not support its cause of action as an account stated. Apparently plaintiff's theory is that its letter to defendant Unit, Inc., dated August 16, 1971, requesting final payment constitutes a stated account because it contains an acknowledgment of the correctness of the amount demanded signed by defendant Morris. The petition, however, does not allege that defendants acknowledged the amount demanded to be justly due and owing. The pleadings simply assert that "defendants have failed to pay the total sum of money due as shown by the attached exhibits." It is insufficient to merely allege that an account was present-

ed to the defendant and that they have failed or refused to pay it. To bring an action on an account stated it would be incumbent upon plaintiff to allege in his petition that the defendant admitted the correctness of the account and that he expressly or impliedly assented to it. Reed v. Harris, 37 Tex. 167, 169 (1872); Felker v. Gulf Coast Orchards, Co., 81 S.W.2d 1044, 1045 (Tex.Civ.App.–San Antonio 1935, writ dism'd); Scofield v. Lilienthal, 268 S.W. 1047, 1049 (Tex.Civ.App.–Waco 1925, no writ).

We sustain defendants' points challenging the sufficiency of plaintiff's sworn account petition to constitute prima facie evidence of the account under Tex.R.Civ.P. 185. This requires a reversal of the judgment both as to the summary judgment and to the default judgment. We need not pass upon the remaining points advanced by defendants.

■ We desire to comment on a matter concerning the record in this case. After the defendants had ordered the district clerk to prepare the transcript, plaintiff directed the clerk to include in such transcript "all correspondence in the court's file without regard to date." Because of the request made by plaintiff, the district clerk included numerous letters and documents in the transcript which are wholly unnecessary to the consideration of any point of error advanced by either party and which resulted in a two-volume transcript containing a total of two hundred thirty-nine (239) pages. This voluminous record does not comply with Tex.R.Civ.P. 376 and has significantly increased the burden of this court in attempting to consider the points of error presented.

The judgment of the trial court is reversed and remanded.