JOHN ROBERTS, INC., Appellant,

v.

BOOKSTALL, INC., et al., Appellees.

No. 12,410.

Court of Civil Appeals of Texas, Austin.

June 16, 1976.

Rehearing Denied July 14, 1976.

Thomas H. Watkins, Watkins, Ledbetter & Ramsey, Austin, for appellant.

Joseph P. Webber, Long & Evatt, Austin, for appellees.

SHANNON, Justice.

This is the second appearance of this cause in this Court. Previously, this Court reversed a default judgment entered by the county court at law of Travis County in favor of John Roberts, Incorporated. 517 S.W.2d 451 (Tex.Civ.App.1975, no writ).

With respect to this appeal, appellant, John Roberts, Incorporated, filed suit in the county court at law of Travis County against appellees, Bookstall, Inc., sometimes doing business as the "Giftstall," and C. A. Austin. Appellant sued on an open account and a promissory note executed by Bookstall, Inc., and guaranteed by Austin. The account and the note originated from appellant's sale of class rings to Bookstall, Inc. After a jury trial, judgment was entered that appellant take nothing. We will reverse that judgment.

In its trial pleading, appellant stated that in 1970 it began selling merchandise to the Bookstall, Inc., on an open account basis. Appellant took promissory notes at various times from the Bookstall, Inc., which were guaranteed by C. A. Austin, the president of Bookstall, Inc. The promissory notes represented sums allegedly owed appellant at different times on the open account. Appellant claimed that after all appropriate credits were allowed, a $366.50 balance remained unpaid on the current promissory note, and that $1,840.16 represented the outstanding indebtedness on the open account purchases by appellee Bookstall, Inc., from appellant.

In their reply pleading appellees claimed, among other things, that appellant had not given them proper credit for cash payments, for ring commissions, and for rings returned.

The charge contained three special issues. In response to special issue one which inquired as to what sum of money appellees owed on the promissory note, the jury answered "none." Likewise the jury answered "none" to special issue two which asked what sum of money appellees owed on the open account. The third issue was conditioned upon an affirmative response to either special issue one or two, and accordingly was not answered.

Appellant seeks to overturn the judgment by three points of error. We grant point of error three which contends that the answer of the jury, "none," to special issue number two was so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust.

■ Point of error three requires this Court to consider and weigh all of the evidence and to set aside the jury's verdict and remand the cause for a new trial if this Court concludes that the verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust, regardless of whether the statement of facts contains some "evidence of probative force" in support of the verdict. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), Garwood, *The Question of Insufficient Evidence on Appeal*, 30 Texas L.Rev. 803 (1952).

■ We have considered all of the evidence and have concluded that the answer of the jury, "none," to special issue number two was so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust.

The trial of the case consumed three days and the statement of facts numbers four hundred eighty-nine pages and contains for-

ty exhibits of many sets of computations and complicated accounting statements.

The statement of facts contains much testimony concerning appellant's accounting procedures and appellees' inability to understand those procedures. Appellee Austin and his wife testified concerning the payments which they had made to appellant and their "feeling" that appellant had not given them proper credit for all of those payments. During the trial and in the brief appellees' counsel castigated appellant's principal witness for a number of admitted accounting errors.

We agree that appellant's accounting procedures were not very understandable. Also, we can understand that the jury may have refused to believe appellant's principal witness in light of the accounting errors. Nevertheless, C. A. Austin admitted that of the original indebtedness of $8,284.46, he and the other appellee had paid only about $7,000.00. Austin also conceded that subsequent to the payment of the sum of $7,000.00, Bookstall, Inc., had made additional purchases from appellant. It was within the province of the jury to determine the amount owed by appellees but in view of Austin's testimony, the jury's answer of "none" was contrary to the great weight and preponderance of the evidence.

The judgment is reversed and the cause is remanded for another trial.

Reversed and Remanded.