Robert TREMBATH, Individually and d/b/a Landscape Maintenance and Construction Company, Petitioner,

v.

Jessie M. DAVIS, d/b/a Earl's Air Cooled Engine Service, Respondent.

No. 12461.

Court of Civil Appeals of Texas, Austin.

June 30, 1976.

Richard E. Kammerman, Earl L. Yeakel, III, Kammerman, Yeakel, Hineman & Trickey, Austin, for petitioner.

Will Cowan, Austin, for respondent.

PHILLIPS, Chief Justice.

This case is before us on writ of error from a default judgment entered by the district court in favor of respondent Jessie M. Davis, doing business as Earl's Air Cooled Engine Service. Respondent had brought suit against Robert Trembath, individually and doing business as Landscape Maintenance and Construction Company, in the amount of $2,286.09 which included $750 in attorney's fees. We reverse this judgment and remand the cause to the district court for a new trial.

Respondent filed suit on a sworn account against petitioner Trembath on September 30, 1975, alleging in general terms that he had sold petitioner goods, wares, merchandise, and provided material and labor for which petitioner had failed and refused to pay. Respondent claimed damages for $1,536.09 and asked for attorney's fees of $750.

Petitioner failed to file an answer and default judgment was entered by the district court awarding respondent $2,286.09. Petitioner neither appeared personally nor through counsel, nor participated in the trial of this cause prior to the entry of default judgment. On November 5, 1975, petitioner attempted to file an original answer, and shortly thereafter filed a timely motion to set aside judgment and motion for new trial. No action was taken on these motions, and the motion for new trial was overruled by operation of law. Thereafter, on March 1, 1976, petitioner filed a petition for writ of error to this Court.

Petitioner is before us on three points of error, the first two being the error of the trial court in rendering judgment against him because of insufficient evidence of a sworn account in that the invoices attached as exhibit "A" to plaintiff's original petition did not describe the goods sold or the services rendered, and also, that the same exhibit "A" contains conflicting amounts that are due and owing by petitioner. We sustain these two points. Consequently, we do not reach petitioner's third point complaining of the awarding of attorney's fees.

Respondent's original petition, standing alone, is insufficient to support the judgment. The attached exhibit "A" in support

of plaintiff's allegations consists of a one-page statement listing a series of dates, invoice numbers and amounts, and nothing more. There is no indication in the petition or exhibit of what goods or services each invoice number represents. In addition, it is impossible to ascertain with any degree of certainty the method by which respondent reaches the total amount upon which he bases his suit. See *Unit, Inc. v. Ten Eyck-Shaw, Inc.*, 524 S.W.2d 330 (Tex.Civ. App.1975, writ ref. n.r.e.); *Big K Furniture Company v. Covey Company*, 511 S.W.2d 329 (Tex.Civ.App.1974, no writ).

No statement of facts accompanies the transcript. The judgment recites only that petitioner failed to appear, that respondent's cause of action is based on a liquidated demand, and that the court found that respondent was entitled to default judgment.

Respondent maintains that the judgment should be affirmed in spite of the inadequacy of Exhibit A, contending that unless the record affirmatively discloses that the trial court considered no evidence other than the exhibit, it must be presumed that evidence sufficient to support the judgment was heard. *Alexander v. Texoma Wholesale Jewelers*, 307 S.W.2d 631 (Tex.Civ.App.1957, writ ref. n.r.e.).

Petitioner relies on *Big K Furniture Company, supra*, where the default judgment was reversed because of the insufficiency of the record to uphold the sworn account.

In *Alexander*, the judgment stated " '. . . the court proceeded to examine and hear the evidence . . .' " thus giving rise to a presumption that other evidence was heard in support of the judgment. In *Big K Furniture* the judgment recited that it was "*soundly based on* an affidavit and statements for goods . ." The affidavit and statement were deficient; consequently, the judgment could not stand.

Neither of the above two cases is directly in point. In the case at bar, no mention is made in the judgment that the court heard any evidence at all, but the judgment does not *affirmatively* indicate that the court heard no evidence.

In our judgment, *Ero Industries, Inc. v. Be-In Buttons Co. of Houston*, 473 S.W.2d 677 (Tex.Civ.App.1971, no writ), is applicable to the fact situation here. There the court held that in considering the sufficiency of a judgment without a statement of facts, where the judgment indicated that evidence was heard and considered, it must be presumed that the evidence was sufficient to support the judgment. However, the court held that where the only reasonable conclusion that could be reached from the recitals in the judgment is that no evidence was heard, and that the court had before it only the pleadings and had based its judgment thereon, the presumption that evidence sufficient to support the judgment was heard would not apply.

In the case at bar, the only reasonable conclusion that can be found by the language of the judgment is that the petition and the exhibit were the sole basis for the judgment; consequently, we reverse the judgment of the trial court and remand the cause to the district court for a new trial.

Reversed and Remanded.