Billy SHERMAN, Individually and dba Sherman Industries, Appellant,

v.

PHILIPS INDUSTRIES, INC. and subsidiaries, Appellee.

No. 16949.

Court of Civil Appeals of Texas, Houston (First Dist.).

Dec. 1, 1977.

Rehearing Denied Jan. 5, 1978.

Eugene M. McElyea, Crockett, for appellant.

Lapin, Totz & Mayer, James N. Hull, Houston, for appellee.

EVANS, Judge.

This is an appeal from a default judgment rendered in favor of the appellee on a sworn account.

In its first point of error appellant contends that the appellee's petition was fundamentally defective in that it failed to clearly describe the subject matter of the sworn account. This point will be sustained.

■ In order to support a default judgment a sworn account must show with reasonable certainty the nature of each item, the date and the charge therefor. Rule 185, Tex.R.Civ.P.; *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, 460 S.W.2d 168 (Tex.Civ.App.-Houston [1st Dist.] 1970, no writ); *Griswold v. Carlson*, 151 Tex. 246, 249 S.W.2d 58 (1952).

In the case at bar the appellee alleged a sale to the appellant of "goods, wares, merchandise and/or services" shown by an exhibit to the pleadings. Attached to the appellee's petition is an invoice addressed to the appellant, indicating a customer number and bearing date of 7–29–76. The columns under this heading show the following:

| DATE<br>Mo. Day Yr. | T<br>C | OUR<br>PLANT | OUR<br>INVOICE<br>NUMBER | REFERENCE<br>NUMBER | 80–60<br>DAYS OLD | 80–90<br>DAYS OLD | OVER 90<br>DAYS OLD |
|---|---|---|---|---|---|---|---|
| 3/14/75 | 1 | 31 | 147881 | | | | 1,413.12 |
| | | | | | | TOTAL | 1,413.12 |

Attached to this invoice is a shipping statement addressed to the appellant, indicating the customer's account number and containing the following information:

| Part Number | Part/Assembly<br>Description | Quantity<br>Ordered | Quantity<br>Shipped | Unit<br>Price | Total |
|---|---|---|---|---|---|
| 09376–02 | BLWR CO10 10A ½ HP 230<br>UNIVERSAL MOTORSTOCK<br>149 TO BE USED | 24 | | 56.260 | |
| 20733–02 | BLWR DD12 6A ½ 230 V<br>UNIVERSAL MOTORSTOCK<br>149 TO BE USED | 24 | 24 | 58.880 | 1,413.12 |
| | (MFG SCH DATE 03/31/75 | | | | |
| | | | | INVOICE TOTAL | 1,413.12 |

For these writings to constitute a valid sworn account it is necessary that the merchandise allegedly sold be identified with reasonable certainty on the face of the account. *Bookstall, Inc. v. John Roberts, Inc.*, 517 S.W.2d 451 (Tex.Civ.App.-Austin 1974, no writ).

A similar writing was involved in *Hassler v. Texas Gypsum Company, Inc.*, 525 S.W.2d 53 (Tex.Civ.App.-Dallas 1975, no writ). In that case the sworn account described the merchandise alleged to have been sold as follows:

| Quantity Ordered | Unit | Quantity Shipped | Production Description | Size | Quantity | Weight | Price | Total |
|---|---|---|---|---|---|---|---|---|
| 484 | PSC | 484 | ½ TEMPLE REG TE | 4x12 | 23232 | 42956 | 38.00 | 882.82 |

The verified account was held to be insufficient to support a default judgment, the court stating:

"The phraseology "½ TEMPLE REG TE" has no meaning in the English language, and the account contains no explanation of the meaning of this description. It is possible that this language may have some meaning to members of the industry, but there is nothing in this record to indicate such a common understanding.

We hold that these invoices attached as part of plaintiff's sworn account failed to show with reasonable clarity the type of goods sold. Consequently, plaintiff failed to meet the requirements of Tex.R.Civ.P. 185. An account insufficient on its face as a verified account under rule 185 will not support a judgment by default as against a direct attack by writ of error. *Bookstall, Inc. v. John Roberts, Inc.*, supra; *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, supra; *Griswold v. Carlson*, 151 Tex. 246, 249 S.W.2d 58 (1952).

Similar technical descriptions have been held insufficient as a sworn account under Rule 185, Tex.R.Civ.P. *U. S. Insulation Sales Corp. v. Jones-Blair Co.*, 491 S.W.2d 226 (Tex.Civ.App.-Dallas 1973, no writ); *Texas Man's Shop, Inc. v. Nunn-Bush Shoe Co.*, 401 S.W.2d 716 (Tex.Civ.App.-Corpus Christi 1966, no writ).

In the present case the words "Universal Motorstock" are not necessarily descriptive of the particular merchandise allegedly sold to the appellant. The term "Universal Motorstock" could be a particular category of inventory out of which various items of merchandise are listed. The

fact that particular part numbers are included tends to support this inference. There is no description in the sworn account which identifies the particular merchandise alleged to have been sold to the appellant. Thus, the writings do not show with reasonable certainty the nature of the items alleged to have been sold and will not support the default judgment against the appellant. *Benthall v. Goodwin*, 498 S.W.2d 510 (Tex. Civ.App.-El Paso 1973, no writ).

No statement of facts accompanies the transcript, and appellant has obtained a certificate from the official court reporter stating that no shorthand reporting of evidence occurred in connection with the rendition of judgment. The presumption that the evidence before the trial court was sufficient to support the judgment does not apply on direct review of a default judgment where no statement of facts is available. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.-Dallas 1975, writ ref'd); *Dugie v. Dugie*, 511 S.W.2d 623 (Tex.Civ.App.-San Antonio 1974, no writ). Neither does the judgment itself afford a basis for applying the presumption that evidence to support the judgment was heard, the recitals in the judgment being to the contrary. *Trembath v. Davis*, 538 S.W.2d 838 (Tex.Civ.App.-Austin 1976, no writ).

The disposition of the appellant's first point of error renders it unnecessary to consider the appellant's second point of error contending that the trial court erred in hearing evidence in support of appellee's claim for attorney's fees without making provision for a statement of facts.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

PEDEN, Justice, dissenting.

I would affirm the trial court's default judgment.

The defendant-appellant, who is in the sheet metal business in Crockett, Texas, argues that the items are unclear, obscure and undecipherable; he does not say they are not readily understood by him. It should be noted that the plaintiff's exhibit shows the defendant's order number and the date the merchandise was shipped. Surely he can readily identify the 24 articles comprising the single item in question. That item *could* be more clearly described to identify it to one who did not order it and is not in the sheet metal business, but one who is not in the industry and has little acquaintance with electric motors can figure out that "24 BLWR 6A ½ HP 230V" means 24 electric blower motors, 6 amperes, ½ horsepower, 230 volts. It should be easy for one who ordered them.

I cannot disagree with the trial judge's presumed finding that the nature of the items was shown with reasonable certainty.

The appellant does not complain of the award of an attorney's fee.