IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-123-CV




STEVE LISSON,



 APPELLANT

vs.




KNOWLEDGE IND. PUBL. INC.,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 195,218, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING


 



 Knowledge Ind. Publ. Inc. ("KIPI") filed suit to recover amounts due for items sold
to Steve Lisson d/b/a Linc ("Lisson"). Pursuant to Rule 185, KIPI provided a sworn affidavit,
as well as business records, establishing that the debt was owed to Knowledge Sciences, Inc.
("KSI"). See Tex. R. Civ. P. Ann. 185 (Supp. 1992). The sworn affidavit listed KSI as the
plaintiff, not KIPI. After Lisson did not answer or appear, the trial court -- acting on KIPI's
motion -- rendered a default judgment in KIPI's favor for approximately $5000, plus interest,
costs, and attorney's fees. Lisson now seeks review by petition for writ of error for, among other
things, the inconsistency between the party owed the money and the party who filed suit. We will
reverse the judgment of the trial court and remand for further proceedings.

 


DISCUSSION


 The Texas Supreme Court has provided only three grounds for invalidation of
default judgments based on deficiencies in the successful plaintiff's petition. Paramount Pipe &
Supply Co., Inc. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1988); citing Stoner v. Thompson, 578
S.W.2d 679, 684-685 (Tex. 1979). This test reversed a default judgment if: (1) the petition does
not attempt to state a cause of action within the jurisdiction of the court; (2) the petition does not
give the defendant fair notice of the claim against her; or (3) the petition affirmatively discloses
the invalidity of plaintiff's claim. Id. The last ground will dispose of this case. 

 The names of the parties must be set out with reasonable certainty. First Nat'l
Bank of Irving v. Shockley, 663 S.W.2d 685, 688 (Tex. App. 1983, no writ); Mo-Vac Service v.
Marine Contractors & Supply, Inc., 586 S.W.2d 573, 574-575 (Tex. Civ. App. 1979, writ ref'd
n.r.e.). To meet this requirement, it is necessary to specify the correct parties to the suit. 
Hancock v. O.K. Rental Equip. Co., 441 S.W.2d 955, 957 (Tex. Civ. App. 1969, no writ). That
case, like this one, involved suit on a sworn account with discrepancies in a party's name. The
court held that the petition did not support a default judgment because "there is no connection
shown between appellant and the sworn account expressly made a part of said petition as a basis
for appellee's cause of action." Id. at 957. 

 The crux of Lisson's first point of error is that the plaintiff and the owner of the
sworn account are not the same entity. Lisson notes that the plaintiff, as identified in the amended
petition, is listed as "Knowledge Ind. Publ. Inc.," but that the affiant in the required sworn
affidavit, as well as the business records, indicates "Knowledge Sciences, Inc." is the party owed
the debt. The absence of evidence connecting the two provides inconsistency on the face of the
record itself to warrant reversal of the default judgment. This conclusion resolves the dispute. 
We sustain Lisson's first point of error and need not consider its other points of error.

 We reverse the default judgment and remand the cause to the trial court for further
proceedings.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Reversed and Remanded

Filed: March 11, 1992 

[Do Not Publish]