Frank J. ANDERSON, d/b/a Stag Shop, Appellant,

v.

Glen HAKE et al., d/b/a Emgee Tie Co., Appellee.

No. 15224.

Court of Civil Appeals of Texas.

Dallas.

March 1, 1957.

Sutton, Steib & Barr, San Angelo, for appellant.

Harold C. Abramson, Dallas, for appellee.

DIXON, Chief Justice.

This is a suit filed by appellee as plaintiff on sworn account in the principal sum of $503.31. Judgment was also sought for interest and attorney's fees. Defendant filed only a general denial. Plaintiff replied with an unsworn motion for summary judgment, which motion was granted as to debt, interest, and court costs. Evidence was heard as to attorney's fees. The total judgment was for $503.31, with interest at 6% from January 1, 1956 and $150 attorney's fees.

Omitting formal parts, appellee's affidavit to his account is as follows: "Before me, the undersigned Notary Public in and for

said County and State, on this day personally appeared Harold C. Abramson, known to me, who stated that he is the attorney for plaintiff and authorized to make this affidavit, and that the aforementioned account is just and true after allowing the defendant all offsets and credits he is entitled to."

The account attached to appellee's petition is as follows:

"The Emgee Tie Company
Manufactures of Distinctive Neckwear
404 Wholesale Merchants Bldg.
Dallas 2, Texas – RA – 3827

MG
March 19, 1956
Statement
Stag Shop
Brownwood, Texas

| | | | |
|---------|------|--------|-----------|
| 8/10/55 | 1651 | 331.39 | |
| 24/55 | 1777 | 116.02 | |
| 9/ 8/55 | 1912 | 55.90 | $503.31." |

Appellant, who was defendant in the trial court, bases his appeal on four points: (1) Under the pleadings there was an issue of fact shown; (2) it was error to grant judgment without a hearing on the merits as to the claimed debt; (3) appellee's pleadings do not constitute a sworn account as provided by law; and (4) appellant's general denial raised a question of fact.

■■ Appellee's pleadings are not sufficient to support a judgment by default on sworn account under Texas Rules of Civil Procedure, Rule 185 because (1) his affidavit fails to state that "within the knowledge of affiant" the account is just and true; (2) it fails to state the account "is due"; Griswold v. Carlson, 151 Tex. 246, 249 S.W. 2d 58; and (3) the statement of the account attached to the petition is not sufficiently itemized as required by law to constitute prima facie evidence under our sworn account rule. 1 Tex.Jur. 346.

■ Further appellee's affidavit is not sufficient to support a summary judgment because (1) it is not made on personal knowledge; and (2) it does not show affirmatively that affiant is competent to testify to the matters stated therein. Rule 166–A, V.R.T.C.P.

In his answers to appellee's motion for summary judgment, appellant called attention to the insufficiency of appellee's sworn account. We quote from said answer: "The rule relating to sworn accounts is a rule of evidence only, and plaintiffs will have established a prima facie case only if, as and when, they upon trial actually introduce into and place into and get into evidence a sworn account, conforming to Rule 185, and this has, of course, not yet been done by plaintiffs. The pleadings of plaintiffs herein are not sufficient to state a cause of action against defendant on sworn account so as to deprive him of all right to be heard on trial in objection to plaintiffs' sworn account herein, and defendant's pleadings are sufficient to entitle him to be heard in defense upon a trial on the merits as to all amounts sought by plaintiff."

■ Appellee did not seek to amend his affidavit, but apparently elected to stand on it as drawn. Since appellee's allegations were not supported by an affidavit meeting the requirements of the summary judgment rule, it was not necessary for appellant to file opposing affidavits. His general denial put in issue all the material facts in regard to appellee's allegations of goods, wares and merchandise sold and delivered to appellant. Brownson v. New, Tex.Civ.App., 259 S.W. 2d 277, syl. 7.

Appellant's points on appeal are sustained. The judgment of the trial court is reversed and the cause remanded for a new trial.