Opinion issued June 21, 2007



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01077-CV




TON’S REMODELING, Appellant

V.

FUNG’S KITCHEN, INC., DOUBLE DUCK, INC., MAN LING FUNG, AND
TAT HOI FUNG, Appellees




On Appeal from the County Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 827368




MEMORANDUM OPINION

          Appellant, Ton’s Remodeling (“Ton’s”), appeals the trial court’s grant of a no-evidence summary judgment in favor of appellees, Fung’s Kitchen, Inc. (“FK”),
Double Duck, Inc. (“DD”), Man Ling Fung (“Man”), and Tat Hoi Fung (“Tat”). In
two issues, Ton’s contends that (1) the summary judgment in favor of Tat was
improper because Ton’s presented some evidence as to each element of its claims
against Tat and (2) the summary judgment in favor of FK, DD, and Man is void
because they were not subject to the court’s jurisdiction at the time summary
judgment was granted. We reverse in part and affirm in part. 
Background
          A dispute over the alleged performance of construction services forms the
apparent basis of this suit. Ton’s initial pleadings alleged that: 
[Ton’s] rendered valuable services and furnished materials for [FK, DD,
Man, and Tat] . . . which services and materials were accepted by [them]
under such circumstances as reasonably notified [them] that [Ton’s ] in
doing such was expecting to be paid . . . . Although [they] agreed to pay
[Ton’s], despite notice and demand, [they] have refused to pay . . . . 
 
A little more than two months after filing their answer, DD, Man, and Tat filed a joint
no-evidence summary judgment motion, asserting that there was no evidence to
support any of Ton’s claims. FK filed an identical motion for no-evidence summary
judgment. Before the trial court ruled on the motions for summary judgment,
however, Ton’s filed a motion for partial dismissal, requesting that the “claims,
causes of action, and requests for damages” against FK, DD, and Man be dismissed
without prejudice. On the same day, Ton’s filed amended pleadings, alleging causes
of action for breach of contract and sworn account against Tat only.    In addition to
filing a motion for partial dismissal and amended pleadings, Ton’s responded to the
summary judgment motions on file with the trial court. To its response, Ton’s
attached the affidavit of Kien Man Ton, owner of Ton’s. Kien Man Ton’s affidavit
testimony stated, in relevant part, that:
Tat agreed to allow Ton’s to provide construction services for Tat and
further agreed that Ton’s would be paid as the charges for the
construction services were invoiced. Ton’s agreed to provide
construction services for Tat and did provide construction services for
Tat as requested by Tat. A true and correct copy of Tat’s account with
Ton’s is attached . . . . The total amount of the charges for the
construction services Ton’s provided for Tat, at Tat’s request, is
$125,239. These charges are usual, customary, and reasonable for the
construction services Ton’s provided for Tat. Despite having been
invoiced for $125,239, only $110,000 in payments has been made. Tat
owes Ton’s $15,239.00, which is just, true, and due; and all just and
lawful offsets, payments, and credits, have been allowed. 

As stated in the affidavit, a document titled “Ton’s Remodeling account with Tat Hoi
Fung” was attached. The document, in its entirety, reads 
INVOICE SUMMARY:
 
Date of Invoices              Amount
 
March 25, 2002               $64,500
August 16, 2002              $44,307
September 10, 2002         $11,500
December 9, 2002           $4,932
 
Total:                               $125,239
 
PAYMENT SUMMARY:
 
Amount Received:
 
July 26, 2002                   $10,000
August 23, 2002              $20,000
September 18, 2002         $35,000
November 1, 2002           $30,000
December 23, 2002         $15,000
 
Total Received:               $110,000
 
Remaining Balance:      $15,239
 
          Ton’s also attached the first page of a lease agreement in support of its
response to the summary judgment motions. The lease agreement showed that Tat
leased space from DD in order to operate a restaurant, Fung’s Kitchen. Other
evidence in the trial court’s record, filed pursuant to a notice of intent to offer the
evidence at trial, consisted of the corporate paperwork of DD and FK, including: an
agreement indicating FK’s understanding that DD wished to borrow money against
the building FK leased from DD; two borrowing affidavits, one signed by Tat as
President of DD and one signed by Tat as President of FK; DD’s Articles of
Incorporation, listing Tat and Man as its initial directors; DD’s Certificate of
Incorporation and Franchise Tax Certification; FK’s Articles of Incorporation, listing
Tat as its initial director; and FK’s Certificate of Incorporation and Franchise Tax
Certification. 
          Ten days after Ton’s filed its motion for partial dismissal, response to the
summary judgment, and notice of intent to offer the above-listed evidence at trial, the
trial court ordered that “the claims, causes of action, and requests for damages, of
[Ton’s] against [FK, DD, and Man]” be dismissed without prejudice. Seven days
following the order of dismissal, the trial court signed one summary judgment
ordering that Ton’s take nothing on its claims against FK and one summary judgment
ordering the same as to Ton’s claims against DD, Man, and Tat. Ton’s appeals these
grants of summary judgment. 
No-Evidence Summary Judgment
          In its first issue, Ton’s argues that the summary judgment in favor of Tat was
improper because there was more than a scintilla of evidence that (1) Tat was liable
on a sworn account and (2) Tat breached his contract with Ton’s. We disagree.
Standard of Review
          A no-evidence summary judgment is essentially a directed verdict granted
before trial, to which we apply a legal-sufficiency standard of review. King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003); Crowder v. Scheirman, 186
S.W.3d 116, 118 (Tex. App.—Houston [1st Dist.] 2005, no pet.). In general, a party
seeking a no-evidence summary judgment must assert that no evidence exists as to
one or more of the essential elements of the non-movant’s claims on which it would
have the burden of proof at trial. Crowder, 186 S.W.3d at 118. Once the movant
specifies the elements on which there is no evidence, the burden shifts to the non-movant to raise a fact issue on the challenged elements. Tex. R. Civ. P. 166a(i). A
no-evidence summary judgment will be sustained when (1) there is a complete
absence of evidence of a vital fact, (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact, (3) the
evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence
conclusively establishes the opposite of a vital fact. King Ranch, 118 S.W.3d at 751. 
We view the evidence in the light most favorable to the non-movant, disregarding all
contrary evidence and inferences. Id. (citing Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997)).
          A no-evidence summary judgment is improperly granted if the respondent
brings forth more than a scintilla of probative evidence to raise a genuine issue of
material fact. King Ranch, 118 S.W.3d at 751. When the evidence supporting a
finding rises to a level that would enable reasonable, fair-minded persons to differ in
their conclusions, more than a scintilla of evidence exists. See Havner, 953 S.W.2d
at 711. 
Sworn Account
          In order to survive summary judgment on its sworn account claim, Ton’s was
required to raise a fact issue as to each of the claim’s elements of proof. See Tex. R.
Civ. P. 166a(i). The elements of a sworn account claim are: (1) the sale and delivery
of merchandise or performance of services, (2) the amount of the account is just, that
is, the prices charged are usual, customary, or reasonable, and (3) outstanding
amounts remain unpaid. Tex. R. Civ. P. 185; Wright v. Christian & Smith, 950
S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ). Under Rule 185
of the Texas Rules of Civil Procedure, a plaintiff’s petition on a sworn account must
contain a systematic, itemized statement of the goods or services sold, must reveal
offsets made to the account, and must be supported by an affidavit stating that the
claim is, within the affiant’s knowledge, “just and true.” Tex. R. Civ. P. 185; 
Andrews v. East Texas Med. Ctr.–Athens, 885 S.W.2d 264, 267 (Tex. App.—Tyler
1994, no writ); see also Anderson v. Hake, 300 S.W.2d 663, 664 (Tex. Civ.
App.—Dallas 1957, no writ) (holding that statement of account attached to petition
was not sufficiently itemized for purposes of sworn account rule where statement only
showed date of purchase and amount thereof).  
          Here, Kien Man Ton alleged by affidavit that (1) Ton’s provided construction
services for Tat, (2) $125,239 in “usual, customary, and reasonable” fees were
invoiced for those services, (3) despite requests for payment, a balance of $15,239
was still owed, (4) the balance owed was “just, true, and due,” and (5) all “lawful
offsets, payments, and credits” had been allowed. Absent from the affidavit,
however, is any specific or systematic statement of exactly what services were
provided or what offsets were allowed. The attached invoice does not provide any
further, more detailed information. That is, the charges are not itemized, nor are any
specifics or details as to to how the figures were arrived at indicated. Rather, the
invoice contains blanket statements such as the statement that, on March 25, 2002,
$64,500 in charges were invoiced. A statement which shows only a date of service
and amount charged is not sufficient for purposes of rule 185. See Anderson, 300
S.W.2d at 664. As such, the evidence Ton’s presented in support of its sworn account
claim failed to rise to a level that would enable reasonable, fair-minded persons to
differ in their conclusions, and less than a scintilla of evidence exists. See Havner,
953 S.W.2d at 711. Because less than a scintilla of evidence was presented, no fact
issue was raised and summary judgment on the sworn account claim was proper. 
Breach of Contract
          The elements of Ton’s breach of contract claim are: (1) the existence of a valid
contract, (2) performance by the plaintiff, (3) breach of the contract by the defendant,
and (4) damages sustained by the plaintiff as a result of the breach. Wright, 950
S.W.2d at 412. A valid contract exists where there is an offer, acceptance in strict
compliance with the terms of the offer, a meeting of the minds, consent by each party
to the terms, and execution and delivery of the contract with the intent that it be
mutual and binding. Beverick v. Koch Power, Inc., 186 S.W.3d 145, 150 (Tex.
App.—Houston [1st Dist.] 2005, pet. denied). To be legally binding, a contract must
be sufficiently definite in its terms. T.O. Stanley Boot Co. v. Bank of El Paso, 847
S.W.2d 218, 221 (Tex. 1992). If an agreement is so indefinite that a court cannot
determine the legal obligations and liabilities of the parties, it is not an enforceable
agreement. See id.
          In his affidavit, Kien Man Ton alleged that “Tat agreed to allow Ton’s to
provide construction services for Tat and further agreed that Ton’s would be paid as
the charges for the construction services were invoiced. Ton’s agreed to provide
construction services for Tat and did provide construction services for Tat as
requested by Tat.” The allegations in the affidavit fail to make clear the legal
obligations and liabilities of the parties. For example, the affidavit lacks any
indication of the duration of the agreement to provide services, the type of
construction services to be provided, the terms under which the services were to be
provided, the fees to be charged, or any other information that would allow us to
discern the legal obligations and liabilities of Ton’s and Tat. See T.O. Stanley Boot
Co., 847 S.W.2d at 221. Because the legal obligations and liabilities of the parties
cannot be ascertained from the summary judgment evidence in the record, Ton’s has
failed to raise a fact issue as to the existence of a definite and enforceable agreement
to provide construction services to Tat. See id. In the absence of any evidence of an
enforceable agreement, the trial did not err in granting summary judgment on Ton’s
breach of contract claim. 
          Because summary judgment was proper as to both Ton’s sworn account claim
and breach of contract claim, we overrule Ton’s first issue. 
 

Void Judgments
          In its second issue, Ton’s argues that the summary judgment in favor of FK,
DD, and Man was void because they were not subject to the trial court’s jurisdiction
at the time the summary judgment was granted. Specifically, Ton’s argues that,
because FK, DD, and Man had been dismissed without prejudice prior to the signing
of the summary judgment, the trial court was without jurisdiction to grant them
affirmative relief. Tat concedes that the trial court lacked jurisdiction at the time it
granted summary judgment in favor of FK, DD, and Man. 
Standard of Review 
          Whether a court has subject matter jurisdiction is a question of law. Burgess
v. Gallery Model Homes, Inc., 101 S.W.3d 550, 552 (Tex. App.—Houston [1st Dist.]
2003, pet. denied). As such, we apply a de novo standard of review. Id. 
Analysis
          “At any time before the plaintiff has introduced all of his evidence other than
rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be
entered in the minutes.” Tex. R. Civ. P. 162. To take a non-suit, a party may file a
written motion to dismiss. Cook v. Nacogdoches Anesthesia Group, L.L.P., 167
S.W.3d 476, 482 (Tex. App.—Tyler 2005, no pet.). Subject to certain conditions,
which are not present in this cause, a plaintiff’s right to take a non-suit is unqualified
and absolute. See id; see also BHP Petroleum Co., Inc. v. Millard, 800 S.W.2d 838,
840–41 (Tex. 1990). A non-suit is effective when filed—that is, it extinguishes a
case or controversy at the moment the motion is filed. See Univ. of Tex. Medical
Branch at Galveston v. Blackmon, 195 S.W.3d 98, 100 (Tex. 2006). A judgment is
void where it is apparent that the court rendering the judgment had no jurisdiction
over the parties or no jurisdiction of the subject matter. See Mapco, Inc. v. Forrest,
795 S.W.2d 700, 703 (Tex. 1990). 
          As previously stated, Ton’s and Tat agree that the trial court was without
jurisdiction to render summary judgment in favor of FK, DD, and Man. On August
11th, 2005, the trial court ordered that “the claims, causes of action, and requests for
damages” against FK, DD, and Man be dismissed without prejudice, pursuant to
Ton’s motion for partial dismissal. The immediate effect of the order dismissing FK,
DD, and Man from the lawsuit was to extinguish the case or controversy between
Ton’s and FK, DD, and Man. See Blackmon, 195 S.W.3d at 100. Because the trial
court did not sign the summary judgments in favor of FK, DD, and Man until August
18, 2005, seven days after they had been dismissed without prejudice, the trial court
was without jurisdiction over the case or controversy at the time it rendered judgment. 
As such, the summary judgment is void for want of jurisdiction. Forrest, 795 S.W.2d
at 703. 
          Accordingly, we sustain Ton’s second issue. 

ConclusionWe reverse the portion of the judgment in favor of FK, DD, and Man because,
at the time the judgment was rendered, the case or controversy between the parties
had been extinguished and, thus, the trial court was without jurisdiction to grant them
affirmative relief. We remand the cause against FK, DD, and Man, for orders
consistent with this opinion and in accordance with the trial court’s order of August
11, 2005, dismissing “the claims, causes of action, and requests for damages” against
them without prejudice. 
          We affirm the portion of the judgment in favor of Tat because Ton’s failed to
raise an issue of fact as to each of the elements of his claims against Tat. 
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Bland.